202 So.2d 738

**Walter HENDRICKS**

v.

**STATE of Alabama.**

**I Div. 334.**

Supreme Court of Alabama.

Sept. 14, 1967.

Warren L. Finch, Mobile, for appellant.

MacDonald Gallion, Atty. Gen., and W. Mark Anderson, III, Sp. Asst. Atty. Gen., for the State.

MERRILL, Justice.

Appellant was convicted on a charge of rape and was sentenced to the penitentiary for a term of sixty years.

An attorney appointed by the court represented appellant on arraignment on August 10, 1965, where a plea of not guilty was entered and trial set for October 26, 1965. On September 13, the appointed attorney informed the court that the defendant had obtained counsel of his own choice and asked to be relieved. The court granted this request on September 17. On the day set for trial, appellant moved for a continuance, which was denied, and a jury was selected and trial begun.

When the appellant was sentenced on October 28, he gave notice of appeal. In January, 1966, the attorney who had represented him at trial surrendered his lawyer's license, and the trial court appointed another attorney to represent appellant on appeal. On February 24, 1967, this court was notified by Honorable Warren L. Finch that he had been employed to represent appellant in this court and, since that time, he has been the attorney of record on appeal.

Appellant argues that the transcript does not affirmatively show that defendant was represented by counsel in his trial. In this he is in error, because the record shows that he was represented at every step by counsel—on arraignment by appointed counsel and for more than a month preceding trial, and at trial, by counsel of his own choice.

Appellant states in brief that it tends to show inadequacy of counsel by the fact that within three months after the trial, counsel surrendered his license to practice law. We cannot agree.

There is nothing in the record to show any connection with the ability of counsel and the surrender of his license and, after reading the record, we are convinced that appellant was ably represented and was vigorously defended in the case.

When a defendant's counsel is of his own choosing or is chosen by members of his family, it is only when it can be said that what was or was not done by the defendant's attorney for his client made the proceeding a farce or a mockery of justice, shocking to the conscience of the court, that a charge of inadequate legal representation can prevail. Trammell v. State, 276 Ala. 689, 166 So.2d 417; O'Malley v. United States, 6 Cir., 285 F.2d 733; Williams v. Beto, 5 Cir., 354 F.2d 698.

Conviction of a client does not prove lack of skill or zeal on the part of counsel. Echols v. State, 276 Ala. 489, 164 So.2d 486.

The charge that appellant was not adequately represented in the lower court is not substantiated.

Appellant argues next that his motion for a continuance should have been granted.

The granting of a continuance in a criminal case is in the trial court's discretion and is to be disturbed only in event of a clear abuse. Walker v. State, 265 Ala. 233, 90 So.2d 221. Disposition of a request for a continuance in a criminal case is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed. Avery v. Alabama, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377. We find no abuse of discretion, and we cannot say that the trial court erred in denying the

motion for a continuance. We note further that there were no statements or offers of proof to support the mere claim that a continuance should be granted. The reasons given were not adequate, and did not show on their face grounds for continuance.

Finally, appellant contends that the court erred in sustaining the State's objection to his own counsel's question on direct examination just after he had taken the stand as a witness. The question was—"Now, Hendricks, prior to this alleged rape, were you ever convicted of anything before?"

A defendant may not seek to prove his good character by his own testimony, to the effect that he has never been arrested nor prosecuted for any violation of the law, before his arrest on the charge on which he is being tried. Patton v. State, 197 Ala. 180, 72 So. 401. In attempting to prove good character, it is not competent for the defendant to testify that he has never been prosecuted in a court. Henderson v. State, 19 Ala.App. 80, 95 So. 57. And in Banks v. State (Ala.), 39 So. 921, this court held that the trial court correctly sustained objections to the questions, "Have you ever been convicted of any crime?" and "Have you ever been charged with any crime?" because "it was an improper way to prove the character of the defendant."

In the instant case, both the prosecutrix, pregnant at the time of the alleged rape, and the appellant admitted the sexual relations. The prosecutrix testified that the appellant had intercourse with her by the use of force and against her will, and in the presence of other males. The appellant claimed that the prosecutrix initiated, encouraged and consented to the act although they had never seen each other until a few moments before the alleged rape. This evidence made a clear issue for the jury and the evidence was sufficient to support the finding of the jury. Stone v. State, 243 Ala. 605, 11 So.2d 386.

In addition to those points argued in appellant's brief, we have searched the record for reversible error, but have found none.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and HARWOOD, JJ., concur.