302 So.2d 537

**Eddie Dee ANDERSON, alias Edward Dee Anderson, alias Edward D. Anderson**

**v.**

**STATE of Alabama.**

**6 Div. 635.**

Court of Criminal Appeals of Alabama.

Aug. 13, 1974.

Rehearing Denied Oct. 1, 1974.

J. Wilson Dinsmore, Birmingham, for appellant.

William J. Baxley, Atty. Gen., Montgomery, and David L. Weathers, Asst. Atty. Gen., Birmingham, for the State.

BRADLEY, Judge.[1]

Eddie Dee Anderson, alias Edward Dee Anderson, alias Edward D. Anderson, the appellant in this case, was tried and convicted in the Circuit Court of Jefferson County of the offense of armed robbery and sentenced to serve ten years in the state penitentiary. This appeal is from that judgment and sentence.

The appellant contends that the judgment and sentence is erroneous for that (1) the jury was allowed to separate during the trial without his consent, and (2) that his retained counsel failed to effectively defend him against the state's charge thereby denying him due process and equal protection of the law as provided by the Fourteenth Amendment to the U. S. Constitution.

■ Just shortly after the jury selection and prior to the opening statements of counsel, the trial judge instructed the jury as follows:

" . . . The law provides that if the State through its attorney, the defendant through his attorney, and the defendant himself all agree a jury in a criminal case does not have to be kept together. There is such an agreement in this case, so you will not have to be locked up tonight. We anticipate this case will be finished tomorrow. However, when the case is finished and submitted to you, from that time forward you will be locked up, pending your arriving at the verdict. Does everyone understand that? . . . "

Appellant now says that there is no evidence in the record to show that he or his attorney agreed to the jury separation and that, as a matter of fact, they did not so agree.

Appellant was represented by retained counsel at the trial and is represented on appeal by retained counsel; however, the appellant's attorney did not represent him in the trial court.

This question was presented to and decided by the Supreme Court in Segers v. State, 283 Ala. 682, 220 So.2d 848. It was there decided that no reversible error attended the jury's separation under circumstances practically identical to the ones at bar. Consequently, we conclude that the trial court did not err to reversal in the instant case.

Next, appellant says that his retained counsel in the trial court did not adequately and effectively represent him, thereby depriving him of a fair trial. He contends that the U. S. Constitution assures him of the assistance of competent and effective counsel whether they be appointed or retained.

The record reflects that the two witnesses for the state were cross-examined by appellant's attorney; that the appellant took the stand in his own behalf and was thoroughly interrogated by his own counsel; and that another defense witness testified. Furthermore, counsel for appellant made several objections to argument of the prosecutor during summation. However, there was no motion to exclude the state's evidence when the prosecution rested; there was no request for a directed verdict nor were other written charges requested; neither was there an exception to the court's oral charge; and there was no motion for a new trial.

The requirements of effective and competent counsel in a criminal case are set out in Hendricks v. State, 281 Ala. 376,

1. On temporary assignment to the Court of Criminal Appeals by order of the Chief Justice of Alabama dated July 3, 1974.

202 So.2d 738, wherein the Supreme Court said:

"When a defendant's counsel is of his own choosing or is chosen by members of his family, it is only when it can be said that what was or was not done by the defendant's attorney for his client made the proceeding a farce or a mockery of justice, shocking to the conscience of the court, that a charge of inadequate legal representation can prevail. Trammell v. State, 276 Ala. 689, 166 So.2d 417; O'Malley v. United States, 6 Cir., 285 F.2d 733; Williams v. Beto, 5 Cir., 354 F.2d 698."

Also see Boswell v. State, 290 Ala. 349, 276 So.2d 592.

In Gore v. State, 45 Ala.App. 146, 227 So.2d 432, cert. den. 284 Ala. 729, 227 So.2d 435, cert. den. 397 U.S. 966, 90 S.Ct. 1002, 25 L.Ed.2d 258, the Court of Appeals of Alabama reiterated this rule and stated that it applied to retained and appointed counsel alike. The Court of Appeals also pointed out that the defendant, Gore, made no motion to exclude the state's evidence; made no request for the affirmative charge or any other charge; did not except to the trial court's oral charge; and made no request for a new trial; but it found that Gore was represented by a member in good standing of the Alabama Bar, that he took the stand in his own behalf and related an account of the incident which, if believed, could have led to his acquittal.

■■ Likewise, in the case at bar, appellant was represented by a member of the Alabama Bar, took the stand in his own behalf and related an account of the incident which, if believed, could have led to an acquittal; furthermore, there was no motion to exclude the state's evidence, no request for the affirmative charge or any other charges, no exception to the court's oral charge, and no request for a new trial.

Therefore, on the basis of *Gore* we must conclude that the above related facts of the instant case do not authorize a finding that appellant's counsel was ineffective or incompetent.

However, appellant argues that there were other omissions on the part of his trial counsel which do require a finding that said counsel was ineffective and incompetent. One among these is the contention that his attorney failed to object to a question propounded to him by the prosecutor on cross-examination wherein it was sought to elicit whether or not appellant had been convicted of a crime involving moral turpitude.

■■ The form of the question was too general and called for a conclusion. The correct form would have been to ask if there had been a conviction of a named offense. Craven v. State, 22 Ala.App. 39, 111 So.2d 767. Further, when a criminal defendant who has taken the stand is asked the question, he is required to answer for it goes to his credibility as a witness. Title 7, Section 434, Code of Alabama 1940, as Recompiled 1958.

■ In the instant case, the appellant, who had taken the stand in his own defense, was asked on cross-examination if he had been convicted of a crime involving moral turpitude and he answered in the affirmative. Then, during his charge to the jury, the trial judge explained to the jury the legal effect of such a question. We find no harmful impairment to appellant's right to effective counsel in this aspect of the case.

The other reasons enumerated by appellant to support his contention that he was denied effective and competent counsel are without merit.

No error prejudicial to the rights of the appellant having been pointed out or found after a careful search of the record, the judgment below is affirmed.

Affirmed.

WRIGHT, P. J., and HOLMES, J. (Ct. Civ.App.), and TYSON and HARRIS, JJ., concur.