336 So.2d 633 (1976)
Calvin Lee JACKSON, Appellant,
v.
STATE of Florida, Appellee.
No. 74-1625.
District Court of Appeal of Florida, Fourth District.
July 30, 1976.
Rehearing Denied September 9, 1976.
*634 Richard L. Jorandby, Public Defender, and Arthur Gundling and George Barrs, Asst. Public Defenders, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, Anthony Musto and C. Marie Bernard, Asst. Attys. Gen., West Palm Beach, for appellee.
MAGER, Chief Judge.
This is an appeal from a judgment and sentence entered pursuant to a jury verdict in which Calvin Lee Jackson, defendant, was found guilty of breaking and entering with intent to commit a misdemeanor and sentenced to five years in the Division of Corrections.
It is the defendant's contention that reversible error occurred when the prosecutor was allowed, during cross-examination of the defendant, to inquire into the nature of specific prior juvenile offenses.
The record in this case reflects that at the time the offense was alleged to have been committed, defendant was under the age of 18 years and hence a "child", as defined in Chapter 39, Florida Statutes, and subject to the juvenile jurisdiction of the Circuit Court. Subsequently a waiver hearing was held and an order entered waiving the circuit court's juvenile jurisdiction with the matter being transferred for trial as if the child was an adult. See section 39.09(2), F.S., and Rules 8.100(c) and 8.110(b), Fla.R. Juv.P.
At his trial, the defendant took the witness stand and testified in his own behalf. During direct examination the following colloquy occurred between defendant and his counsel:
"Q You ever been convicted of a crime?
"A In my juvenile days, yes. But since I turned eighteen, no.
"Q You're not eighteen now, are you?
"A Yes sir
"Q You just turned eighteen?
"A Turned eighteen in jail."
On cross-examination, the following colloquy occurred between the prosecutor and defendant:
"Q You said you were convicted as a juvenile?
"A Yes, I was.
"Q What were you convicted of?
MR. FERRARO: Your honor, that calls for a conclusion of the witness. And I don't think he is competent to say right now. I don't think  he realizes what a delinquency proceedings is.
THE COURT: Overrule the objection. You have to answer the question.
THE WITNESS: I was convicted one time for B & E.
MR. GILLEN: Breaking and entering?
THE WITNESS: Right. I was convicted one time for shoplifting.
MR. GILLEN: Any others?
THE WITNESS: (unintelligible)
MR. GILLEN: What were they?
THE WITNESS: Shop lifting groceries.
MR. GILLEN: Anything else besides shop lifting? Other B & Es?
THE WITNESS: Mostly shoplifting. I have B & E, but some of the time you know, it was violating probation. You know. Like one time they say I broke into a house, the probation officer came to me and told me that instead of waiting in jail for three months if I go to court they would only send me (unintelligible) at that time."
By way of additional information defendant was charged with breaking and entering *635 the dwellinghouse of Maggie and Sam Lamb. Defendant denied ever having been at the Lamb residence on the time and date in question and presented a corroborating witness to that effect. Mrs. Lamb testified that she observed a person later identified by her as the defendant walk out of her bedroom; she further testified that she had known defendant all of his life. No fingerprints were taken at the scene nor was any line-up held. Apparently the jury chose to believe Mrs. Lamb, rejecting the defendant's testimony and alibi.
The defendant contends that the juvenile incidents were not "convictions of a crime" so as to be admissible for impeachment purposes and that, additionally, it was improper and prejudicial to permit a cross-examination into the nature of the specific prior juvenile offenses.
It is clear and the law is well settled that when a defendant testifies in his own behalf he may be asked whether he has been convicted of a crime. See section 90.08, Florida Statutes; Jones v. State, 305 So.2d 827 (Fla. 4th DCA 1975). Defendant, however, in contending that a juvenile adjudication is not a "conviction" points to section 39.10(4), Florida Statutes (now renumbered section 39.10(5), F.S. (1975), which states:
"An adjudication by a court that a child is a dependent or delinquent child or a child in need of supervision shall not be deemed a conviction, nor shall the child be deemed to have been found guilty or to be a criminal by reason of that adjudication, nor shall that adjudication operate to impose upon the child any of the civil disabilities ordinarily imposed by or resulting from conviction or disqualify or prejudice the child in any civil service application or appointment."
Defendant also makes reference to section 39.12(6), Florida Statutes, which provides that juvenile court records are not admissible in evidence in any civil or criminal proceeding (except under certain exceptions not applicable here).
While the aforementioned statutory provisions clearly indicate that a juvenile adjudication is not a conviction of a crime and that the inadmissibility of juvenile records would seemingly preclude an inquiry into an accused's prior juvenile court episodes, the particular facts and circumstances of the instant situation suggest the inapplicability of those statutes to this case.[1] A defendant cannot take advantage on appeal of an error which he himself introduced or invited at trial. Castle v. State, 305 So.2d 794 (Fla. 4th DCA 1974). Here, the defendant, on direct examination by his own counsel, was asked whether he had been convicted of a crime, inviting defendant's response, "In my juvenile days, yes. But since I turned eighteen, no". No effort was made by defense counsel to correct or clarify this admission. Defense counsel's line of inquiry and defendant's response thereto opened the door for the admission of the juvenile episodes; therefore defendant should not be heard to complain about or seek relief for his own actions.
However, although the door may have been opened (to permit admission of the prior juvenile incidents) the invitation for admittance was not a complete and unbridled one. Under certain circumstances, prior convictions may be utilized as a basis for impeachment. However, here the defendant denied having any convictions since he reached eighteen years of age and admitted his prior juvenile adjudications. The state did not proceed to impeach defendant's denial; instead the state sought to explore defendant's admission. As this court pointed out in Irvin v. State, 324 So.2d 684, 686 (Fla. 4th DCA 1976):
"It is plain that, if a witness denies the existence of past convictions, the prosecution *636 may then proceed to impeach by producing a record of past convictions. Fla. Stat. § 90.08 (1973); McArthur v. Cook, 99 So.2d 565 (Fla. 1957):
`[T]he proper procedural approach is simply to ask the witness the straight-forward question as to whether he had ever been convicted of a crime. The inquiry must end at this point unless the witness denies that he has been convicted. In the event of such denial the adverse party may then in the presentation of his side of the case produce and file in evidence the record of any such conviction. If the witness admits prior conviction of a crime, the inquiry by his adversary may not be pursued to the point of naming the crime for which he was convicted.' Id. at 567."
Once the defendant denied the existence of past convictions the state could have, if possible, proceeded to impeach the statement. This was not done. Instead, when the defendant admitted the prior juvenile adjudication the state, on cross-examination, proceeded to make further inquiry into the defendant's prior adjudication including the naming of the incidents for which he was adjudicated.
The rationale of Irvin v. State, supra, is equally applicable to juvenile adjudications as it is to "convictions". Therefore the state's line of inquiry was improper and constituted reversible error. Arguably, if the defendant had given a false or inaccurate answer to the number of times he had been adjudicated it may have been proper for the state to refresh defendant's memory as to such other incidents. State v. Young, 283 So.2d 58 (Fla. 1st DCA 1973). The record in the instant case does not suggest that the state's line of questioning was pursued for that purpose.
A consideration of the totality of the factual circumstances and conflicting evidence suggests a potentially harmful and prejudicial effect produced by the state's line of questioning; since it appears that the case turned largely upon the credibility of the witnesses the subject inquiry produced a circumstance which undoubtedly (potentially) affected the jury's evaluation of the testimony. Accordingly, the judgment and sentence appealed are reversed and the cause remanded for a new trial.
REVERSED.
ALDERMAN, J., and DURANT, N. JOSEPH, Jr., Associate Judge, concur.
NOTES
[1] The recent decision of the United States Supreme Court in Breed v. Jones, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975), equating a juvenile adjudicatory hearing to a criminal proceeding for the purpose of the application of the double jeopardy principle reflects a strong rationale permitting a juvenile adjudication to serve as a basis for impeachment in a subsequent criminal proceeding. But see sections 39.10(5) and 39.12(6), F.S.