HARRIS, Judge.
Appellant was convicted of robbery and the jury fixed his punishment at ten years imprisonment in the penitentiary. Before arraignment appellant was determined to be indigent and the Court appointed a very experienced trial lawyer in criminal cases to represent him. He went to trial on a plea of not guilty. After sentence was imposed, he gave notice of appeal and requested a free transcript which request the Court granted. New counsel was appointed to represent him on appeal.
Thomas Roberts testified that he came to Birmingham the latter part of January 1975, in the course of his business as a salesman. He registered at a local motel and went to the Redmont Lounge where he drank several beers. Two men dressed in women’s clothes approached him and he bought each of them a drink and danced with one of them. While dancing this man (woman) took his wallet but the barmaid made the pickpocket return the wallet. Roberts made a sexual advancement to this person and they left the motel in Roberts’ car.
Roberts noticed that another car was following him and he tried to lose this car but was unable to do so. Roberts stopped his car and got out and when he did, he was accosted by two men. One of the men struck him over the face and head knocking him to the ground with an iron bar. While on the ground he was hit several more times. Roberts identified appellant as the man who struck him. While Roberts was on the ground the other man went to Roberts’ car and got his wallet which contained $350.00. Both men and the person who accompanied Roberts from the lounge drove away together. Roberts reported the robbery to the local police and several days later he discovered that the “women” for whom he had bought drinks were actually men.
Howard Wilson was one of the men dressed like a woman and was the person who had driven off from the Redmont Lounge with Roberts. He further stated that he met the appellant a few hours before his “date” with Roberts. He amplified Roberts’ description of the robbery by stating that the two men who followed Roberts’ car were appellant and one Jerry Ricco and that both men beat Roberts and got his wallet.
On cross-examination Wilson admitted that Roberts had offered to pay him for sexual relations and that he had accepted though the specific amount was never agreed on.
One Daniel Martin who was also dressed as a woman testified that Roberts bought both him and Wilson a drink and danced with them. He corroborated the testimony of Roberts and Wilson as to their dancing together and their subsequent departure from the lounge.
Appellant did not testify in his behalf but rested his case exclusively on the testimony of Jerry Ricco. Ricco was warned by the trial judge that since he was also charged with the robbery that he had a constitutional right not to testify. The trial judge warned him on at least four occasions. He elected to testify anyway even over the warnings, protests and objections of his appointed counsel.
Ricco testified that he was in the lounge on the night that the alleged robbery occurred and that he became offended by an insulting remark made by Roberts. That when Roberts left the lounge with Wilson he and one Frank Carrier went after Roberts. They caught up with Roberts and a fight ensued, but he denied that an iron pipe was used during the fight. He further claimed that no money was taken from Roberts. He denied that appellant went *1075 with him after Roberts and said that his acquaintance with appellant was limited to a few meetings in lounges around town.
After conviction and notice of appeal appellant filed a pro se petition for a writ of habeas corpus on the ground that he was represented by ineffective counsel. The Court overruled and denied the writ noting that the case was on appeal and counsel had been appointed to represent him on appeal.
The charge that appellant was represented by incompetent counsel is wholly without merit. The Court-appointed counsel had been defense counsel in numerous criminal cases and had enjoyed considerable experience in successfully defending criminal cases. This distinguished lawyer was so well known as a trial lawyer that he was nominated in the recent primary for a District Judgeship. To charge him with being incompetent is utterly without foundation.
The conviction of a client does not prove lack of skill or zeal on the part of counsel. Hendricks v. State, 281 Ala. 376, 202 So.2d 738; Taylor v. State, 291 Ala. 756, 287 So.2d 901; Tillis v. State, 292 Ala. 521, 296 So.2d 892; Gore v. State, 45 Ala.App. 146, 227 So.2d 432; Aldridge v. State, 278 Ala. 470, 179 So.2d 51.
The sufficiency of the evidence is not presented to us for review. There was no motion to exclude the State’s evidence; there was no motion for a new trial; there was no request for the affirmative charge; no exceptions were reserved to the oral charge to the jury, and there were no adverse rulings on the admission of evidence which contained any merit. Mosley v. State, 54 Ala.App. 59, 304 So.2d 613; Bass v. State, 55 Ala.App. 88, 313 So.2d 208.
Conflicting testimony is for the jury and a verdict thereon will not be disturbed on appeal. Pugh v. State, 51 Ala.App. 164, 283 So.2d 616.
The jury was so impressed with the State’s case that they returned a verdict within 17 minutes after the case was given to them.
The evidence in this case fully supports the judgment of conviction and the case is affirmed.
AFFIRMED.
All the Judges concur.