410 So.2d 950 (1982)
Victor Valentine WROBEL, Appellant,
v.
STATE of Florida, Appellee.
No. 81-613.
District Court of Appeal of Florida, Fifth District.
February 17, 1982.
Rehearing Denied March 10, 1982.
James B. Gibson, Public Defender, Michael S. Becker, Asst. Public Defender, and Michael B. Jones, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Shawn L. Briese, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
Appellant Wrobel was charged with trafficking in stolen property. The state moved in limine to prohibit defense counsel from asking Wrobel during direct examination whether he had ever been convicted of a crime, which Wrobel had not. The trial court granted the state's motion. The case went to the jury, and Wrobel was found guilty of dealing in stolen property. The trial court adjudged Wrobel guilty and sentenced him to 18 months imprisonment. Wrobel timely appeals.
The appellant argues that a defendant in a criminal trial has the right to introduce evidence to show his good character. This argument is based on section 90.404(1)(a), Florida Statutes (1979):
Character evidence; when admissible. 
(1) CHARACTER EVIDENCE GENERALLY.  Evidence of a person's character or a trait of his character is inadmissible to prove that he acted in conformity with it on a particular occasion, except:

*951 (a) Character of accused.  Evidence of a pertinent trait of his character offered by an accused, or by the prosecution to rebut the trait.
This argument, however, omits the pertinent reference to section 90.405, Florida Statutes (1979), which provides the methods of proving character. This statute reads:
Methods of proving character. 
(1) REPUTATION.  When evidence of the character of a person or of a trait of his character is admissible, proof may be made by testimony about his reputation.
(2) SPECIFIC INSTANCES OF CONDUCT.  When character or a trait of character of a person is an essential element of a charge, claim, or defense, proof may be made of specific instances of his conduct.
In Florida, the method of presenting character evidence is limited to testimony of reputation. Maloy v. State, 52 Fla. 101, 41 So. 791 (1906). A defendant may place in issue his general reputation for being a peaceful and law-abiding citizen. See Cornelius v. State, 49 So.2d 332 (Fla. 1950).
It is clear that nothing under section 90.405 nor in the case law of Florida authorizes the defense to introduce evidence of the absence of prior criminal convictions as a substitute for reputation testimony, even when it has been pre-determined under section 90.404 that evidence of character or a trait of character is admissible under the facts of a given case.
While no Florida case has dealt directly with the issue presented herein, other jurisdictions have held that the good character of an accused may not be proved by testimony that he has never been previously charged with or convicted of a criminal offense. See, e.g., Hendricks v. State, 281 Ala. 376, 202 So.2d 738 (1967); City of Chicago v. Lowy, 40 Ill. App.3d 950, 353 N.E.2d 208 (1976); State v. Oliver, 247 La. 729, 174 So.2d 509 (1965); Smith v. State, 414 S.W.2d 659 (Tex. Crim. App. 1967).
According, the trial court was eminently correct in granting the state's motion in limine, and the judgment and sentence are
AFFIRMED.
DAUKSCH, C.J., and COWART, J., concur.