496 So.2d 1009 (1986)
Larry Christopher McPHAUL, Appellant,
v.
STATE of Florida, Appellee.
Nos. 85-1183, 85-1182.
District Court of Appeal of Florida, Second District.
November 7, 1986.
*1010 J. Marion Moorman, Public Defender, Bartow, and Deborah K. Brueckheimer, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and William E. Taylor, Asst. Atty. Gen., Tampa, for appellee.
FRANK, Judge.
The appellant, who was convicted of first degree murder, aggravated battery, armed robbery, and use of a firearm during the commission of a felony, has raised several issues on appeal, each of which has been considered; only one has merit. We affirm the appellant's convictions but reverse and remand for resentencing.
The trial court erroneously sentenced the defendant to 99 years for murder and retained jurisdiction over one-third of the armed robbery sentence. The transcript reveals that the trial court later became aware of the errors and ordered that they be corrected. The corrections were apparently not made, however, because they are not reflected in the sentencing judgment. Upon remand, the first-degree murder sentence should be corrected to life in prison without possibility of parole for 25 years. Retention of jurisdiction over the armed robbery sentence should be stricken.
*1011 McPhaul's convictions for armed robbery, use of a firearm during the commission of a felony, and aggravated battery were scored pursuant to the guidelines; the resultant range was 5 1/2 to 7 years or 7 to 9 years depending upon which crime was scored as the primary offense. The trial court found the sentences "totally inadequate and ludicrous in light of the number and nature" of the appellant's convictions and therefore exceeded the recommended range by imposing consecutive sentences of 99 years for armed robbery, 15 years for aggravated battery, and 5 years for use of a firearm.
The written order also reflects a number of inadequate bases for departure. The appellant's probationary status justified only a one-cell increase in the guidelines' score. The unnecessary use of a firearm during the robbery was an inherent component of the armed robbery offense. Similarly, the robbery plan created a risk to others and resulted, as the court stated, in the aggravated battery charge; therefore, this factor was improperly considered. See State v. Mischler, 488 So.2d 523 (Fla. 1986).
One reason relied upon by the court, however, is a valid basis for departure  that the defendant also stood convicted of first degree murder, a capital felony that could not be scored. Smith v. State, 454 So.2d 90 (Fla. 2d DCA 1984); see also Wright v. State, 491 So.2d 283 (Fla. 2d DCA 1986) (subsequent unscored conviction may form proper basis for departure). In light of the numerous invalid justifications employed by the trial court, however, we are not convinced beyond a reasonable doubt that departure from the guidelines would have occurred had the impermissible reasons not been considered. Albritton v. State, 476 So.2d 158 (Fla. 1985). Therefore, we reverse the appellant's sentences and remand for resentencing.
LEHAN, A.C.J., and SANDERLIN, J., concur.