510 So.2d 1157 (1987)
Branley McCARTNEY, Appellant,
v.
The STATE of Florida, Appellee.
No. 85-1996.
District Court of Appeal of Florida, Third District.
August 11, 1987.
Bennett H. Brummer, Public Defender and Loren H. Cohen, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen. and Margarita Muina Febres, Asst. Atty. Gen., for appellee.
Before HUBBART, FERGUSON and JORGENSON, JJ.
PER CURIAM.
This is an appeal by the defendant Branley McCartney from a final judgment of conviction and sentence for robbery with a weapon. The defendant raises three points on appeal; we find no merit in these points and affirm.
First, the defendant complains that the trial court erred in sustaining the state's objections to defense questions of its witness Dr. Miller, a psychiatrist, concerning (1) whether the defendant could exercise "normal judgment," without medication, given the stress he was under at the time of the offense in the instant case, and (2) the defendant's general mental state. It is urged that these questions were designed to show that the defendant  although legally sane  had a diminished mental capacity which prevented him from entertaining a specific intent to permanently deprive the owner of his property, an essential element of robbery. We reject this point because (1) Dr. Miller was never asked specific diminished criminal responsibility questions related to the intent to steal element of the robbery charge below, *1158 (2) the general questions which were asked and precluded below were not followed by a proffer of testimony as to what Dr. Miller would have testified, and (3) Dr. Miller gave general testimony, in any event, concerning the defendant's impairment of "judgment" and mental state in answer to other questions propounded by defense counsel. See Zuber v. State, 500 So.2d 670 (Fla. 1st DCA 1986); Johnson v. State, 494 So.2d 311 (Fla. 1st DCA 1986); see also Gurganus v. State, 451 So.2d 817 (Fla. 1984).
Second, the defendant complains about being unable to establish part of his psychiatric history through Dr. Miller's testimony. Dr. Miller testified that the defendant was legally sane, although mentally ill, and gave no diminished criminal responsibility testimony as to the specific intent to steal element in the robbery for which the defendant was charged. We are frankly at a loss to understand how the complained-of exclusion of testimony, even if error, in any way injured the defendant. This witness provided no legal defense whatever to the defendant  and the exclusion of a certain portion of his testimony relating to the defendant's psychiatric history was, at best, a harmless error. See State v. DiGuilio, 491 So.2d 1129, 1139 (Fla. 1986) (question in harmless error analysis is whether there is a reasonable possibility that the error affected the verdict); Zuber v. State, 500 So.2d 670 (Fla. 1st DCA 1986).
Third, there is no merit to the defendant's claim that any error  much less reversible error  was presented by the trial court's refusal to allow the defendant to prove that he had no prior criminal record as substantive evidence of the defendant's good character. Plainly, such testimony was inadmissible in evidence. Wrobel v. State, 410 So.2d 950 (Fla. 5th DCA 1982).
The final judgment of conviction and sentence under review is, therefore, in all respects
Affirmed.