538 So.2d 1369 (1989)
Torrence LAWTON, Appellant,
v.
The STATE of Florida, Appellee.
No. 88-577.
District Court of Appeal of Florida, Third District.
February 28, 1989.
Bennett H. Brummer, Public Defender, and Sheryl J. Lowenthal, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Steven T. Scott and Michael Neimand, Asst. Attys. Gen., for appellee.
Before BARKDULL, HUBBART and BASKIN, JJ.
*1370 PER CURIAM.
This is an appeal by the defendant Torrence Lawton from judgments of conviction and sentences for first-degree murder, attempted first-degree murder and robbery based on an adverse jury verdict. We find no merit in the defendant's three points on appeal and affirm.
First, the trial court committed no reversible error in recessing the trial below for a brief period after the state had presented all but one of its witnesses. We reach this conclusion because (a) the purpose of the recess was an important one, namely, for the state to locate a vital subpoenaed witness who had mysteriously disappeared during trial after the state had allowed the witness to remain on call;[1] (b) the recess ordered covered the Thanksgiving holidays and involved only four working court days (twelve calendar days); (c) the trial court properly cautioned the jury not to discuss the case with anyone or to hear or view any media reports concerning the case; and (d) no showing of prejudice to the defendant has otherwise been made. Compare McDermott v. State, 383 So.2d 712 (Fla. 3d DCA 1980).
Second, the trial court properly granted the state's motion in limine and precluded the defendant from (1) establishing that he had no prior criminal record as proof of his good character, and (2) impeaching certain of the state's witnesses with juvenile delinquency adjudications. This is so because it is clear that the above evidence is patently inadmissible in Florida. McCartney v. State, 510 So.2d 1157 (Fla. 3d DCA 1987); Bishop v. State, 438 So.2d 86 (Fla. 4th DCA 1983); § 90.610(1)(b), Fla. Stat. (1987).
Finally, the trial court properly departed from the sentencing guidelines in imposing the sentences below based on an unscored first-degree murder conviction. See McPhaul v. State, 496 So.2d 1009, 1011 (Fla. 2d DCA 1986); Smith v. State, 454 So.2d 90, 91 (Fla. 2d DCA 1984). The defendant's further attack on the extent of the sentencing guidelines departure herein is not subject to appellate review. Booker v. State, 514 So.2d 1079 (Fla. 1987).
The judgments of conviction and sentences under review are, in all respects,
AFFIRMED.
NOTES
[1] Although we recognize that the state may have been ill-advised in allowing this witness to remain on call in view of the close familial relationship between the witness and one of the codefendants in the case, and that the trial court was in no sense required to grant such a continuance, we cannot say that the continuance did not serve an important purpose, notwithstanding the state's possible fault in allowing this vital witness to slip away.