539 So.2d 601 (1989)
Lee SMITH, Appellant,
v.
The STATE of Florida, Appellee.
No. 87-2063.
District Court of Appeal of Florida, Third District.
March 14, 1989.
Bennett H. Brummer, Public Defender and Robert Kalter, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen. and Julie S. Thornton, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and NESBITT and FERGUSON, JJ.
SCHWARTZ, Chief Judge.
Subsequent to the reversal of his convictions after a jury trial for crimes occurring on October 31, 1983, Smith v. State, 496 So.2d 983 *602 (Fla. 3d DCA 1986), the defendant, unrepresented by an attorney, waived a jury and went to a bench trial. He was again convicted of second degree murder with a firearm, attempted second degree murder and the possession of a firearm in the commission of the second degree murder and again appeals.

I
The appellant's first point contends that his jury waiver was invalid. We find to the contrary. The presumption of an ineffective waiver which arises because Smith was counselless at the time, see Enrique v. State, 408 So.2d 635 (Fla. 3d DCA 1981), review denied, 418 So.2d 1280 (Fla. 1982), was thoroughly dissipated on this record by a lengthy colloquy between the defendant and the trial judge, in which Smith was by far the more active participant, and which affirmatively demonstrated that he was thoroughly conversant  indeed, quite amazingly so  with the vital aspects of his or any decision to forego a jury. Enrique, 408 So.2d at 637 (defendant should be told "that he could participate in the selection of the jury [and] that any jury verdict must be unanimous"). In sum, it clearly appears that Smith "freely, intelligently and voluntarily waived his right to trial by jury." Enrique, 408 So.2d at 637.
Moreover, contrary to the defendant's present contention, it is not necessary that the trial court make an explicit determination of an effective and knowledgeable waiver at the proceedings below. Under these circumstances, the lower court's acceptance of the waiver sufficiently demonstrated its finding to that effect. See Peterson v. State, 382 So.2d 701 (Fla. 1980) (admission of confession equivalent to express finding that confession was freely and voluntarily made).

II
We do agree that the conviction for possession of a firearm in the commission of a felony is duplicitous of and may not be permitted to stand in addition to the conviction of the same substantive crime, in this case, second degree murder with a firearm. We have specifically so held in Henderson v. State, 526 So.2d 743 (Fla. 3d DCA 1988), in which we determined that this result is mandated by Carawan v. State, 515 So.2d 161 (Fla. 1987). See Brown v. State, 538 So.2d 116 (Fla. 5th DCA 1989) (Cowart, J., concurring specially).
Moreover, we reject the state's argument that the amendment to section 775.021(4), Florida Statutes (1987), contained in Chapter 88-131, section 7, Laws of Florida, which was effective July 1, 1988, is indicative of a contrary previous legislative intent and therefore overrules Carawan  even as to crimes, like this one, which occurred before the effective date of the statute and indeed before Carawan itself. We agree with the First District decision in Heath v. State, 532 So.2d 9 (Fla. 1st DCA 1988) that such a claim is unacceptably contrary to the ex post facto clauses of the Florida and federal constitutions.
The cause is therefore remanded with directions to vacate the possession conviction and for resentencing accordingly. The judgments below are otherwise affirmed.
AFFIRMED IN PART, REVERSED IN PART.