PER CURIAM.
Defendant Myron Morales appeals his convictions for shooting into an occupied vehicle, § 790.19, Fla.Stat. (1987), and unlawful possession of a firearm while engaged in a criminal offense, § 790.07, Fla. Stat. (1987). We agree with the defendant that the two convictions for the same act violate his double jeopardy rights. See Carawan v. State, 515 So.2d 161 (Fla.1987).[1] As has been stated in many recent opinions, a defendant may not be convicted of possession of a firearm while engaged in a felony when the underlying felony involves the use of a firearm. Hall v. State, 517 So.2d 678 (Fla.1988) (underlying felony of armed robbery); Smith v. State, 539 So.2d 601 (Fla. 3d DCA 1989) (second-degree murder with a firearm); Ellison v. State, 538 So.2d 90 (Fla. 1st DCA 1989) (aggravated assault with a firearm); Pastor v. State, 536 So.2d 356 (Fla. 3d DCA 1989) (attempted first-degree murder with a deadly weapon); Hurd v. State, 536 So.2d 361 (Fla. 3d DCA 1988) (aggravated battery by use of a deadly weapon).
The State contends that this appeal is not controlled by these cases because Morales pulled the trigger of the gun several times, and therefore each conviction was for a separate “act.” We reject this contention, since there was no indication in the information charging Morales that he was being accused of more than one act, and the jury, without additional comment, convicted Morales of “shooting into an occupied vehicle” and “unlawful possession of a firearm while engaged in a felony.” The State may not now claim, for the first time, that the two convictions were for separate acts.[2]
*1290 The conviction for possession of a firearm while engaged in a felony is reversed. The conviction for shooting into an occupied vehicle is affirmed but, because the improper conviction increased the guidelines sentence, the trial court shall resen-tence the defendant.
Affirmed in part, reversed in part, and remanded.

. Since the act for which Morales was convicted was committed before July 1, 1988, Carawan and its progeny — rather than chapter 88-131, section 7, Laws of Florida — are controlling. See Smith v. State, 539 So.2d 601 (Fla. 3d DCA 1989); Heath v. State, 532 So.2d 9 (Fla. 1st DCA 1988).

. Even if the events of this case were treated as multiple acts, the underlying issue would be *1290 whether each such act could simultaneously support convictions for both crimes.