567 So.2d 37 (1990)
Danny Lee GOODMAN, Appellant,
v.
The STATE of Florida, Appellee.
No. 88-818.
District Court of Appeal of Florida, Third District.
September 25, 1990.
Bennett H. Brummer, Public Defender, and Philip R. Horowitz, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Angelica D. Zayas, Asst. Atty. Gen., for appellee.
Before BARKDULL, HUBBART and JORGENSON, JJ.
PER CURIAM.
The appellant was charged, among other things, with second degree murder with a firearm, and possession of a firearm in the commission of a murder. A jury returned a guilty verdict on both of these counts and the defendant was subsequently sentenced on both counts. This appeal ensued.
The appellant contends first, that he is entitled to a new trial because the trial court erred in granting a pretrial state's motion in limine preventing cross examination of a juvenile witness for the state with his prior juvenile record, and second, that if the convictions are sustained, it was error to convict and sentence for the possession of a firearm, which arose out of the single act of the alleged second degree murder.
We affirm on the first point upon this record. See Lawton v. State, 538 So.2d 1369 (Fla. 3d DCA 1989); Bishop v. State, 438 So.2d 86 (Fla. 4th DCA 1983); § 39.12(7) Florida Statutes (1987). And as to the second point, the state concedes error on the following authority, Ambroa v. State, 547 So.2d 294 (Fla. 3d DCA 1989); Smith v. State, 539 So.2d 601 (Fla. 3d DCA 1989); Henderson v. State, 526 So.2d 743 (Fla. 3d DCA 1988), and remand the matter to the trial court for correction of the sentence on the possession conviction.
Affirmed in part, reversed in part with directions.