567 So.2d 37 (1990)
Ken STANOJEVICH, Appellant,
v.
The STATE of Florida, Appellee.
No. 88-1489.
District Court of Appeal of Florida, Third District.
September 25, 1990.
*38 Bennett H. Brummer, Public Defender, and John Lipinski, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Mark S. Dunn, Asst. Atty. Gen., for appellee.
Before BARKDULL, HUBBART and GODERICH, JJ.
PER CURIAM.
The defendant appeals his conviction and sentence for one count of Florida RICO and five counts of grand theft in the first degree. We reverse and remand for a new trial.
The defendant, in almost a two year period, hired several private attorneys and had several public defenders appointed to defend him. The trial court, however, permitted each attorney and public defender to withdraw for various reasons, including, conflict of interest or the defendant's inability to pay the retained counsels. At a hearing on April 13, 1987, the defendant, who was not represented by counsel at that time, informed the trial court that he was unable to retain counsel because he lacked sufficient funds. Nonetheless, the trial court refused to appoint counsel and informed the defendant that he would not grant any more continuances.
On the first day of the trial,[1] the defendant made an oral motion for continuance for the purpose of procuring an attorney. The trial court denied the motion and the trial commenced with the defendant pro se. The defendant was eventually convicted.
The Supreme Court of the United States, in Gideon v. Wainright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), held that the Sixth Amendment right guaranteeing a criminal defendant the right to counsel is applicable to the states in state proceedings via the Fourteenth Amendment. In the instant case, the defendant made several requests for the trial court to either appoint counsel or to continue the case until he was able to obtain counsel. The trial court denied the defendant his right to counsel when it forced the defendant to proceed at trial pro se.
Accordingly, the defendant's conviction and sentence is reversed and remanded for a new trial.
NOTES
[1] At this point, the case was reassigned to a new judge.