PER CURIAM.
Appellant, defendant in the trial court seeks review of his convictions of first degree murder with a firearm; attempted robbery with a firearm; and display of a firearm during commission of a felony, and his sentence to life imprisonment with 25 years minimum mandatory.
The defendant and two others were riding in an automobile when they spotted a man on a bicycle. They decided to rob him. They got a gun out of a container in the car which contained four guns. The defendant obtained a 9mm semiautomatic pistol. He got out of the car and told the victim, “this is a jack, don’t make it a homicide.” The victim was on the ground and the defendant placed the gun against the back of the victim’s head. When one of the other persons in the car approached, the victim reached for the gun. At that point the defendant backed away to get the gun from the victim. As he did so he made a statement which could be interpreted as abandonment of the escapade. Allegedly at that point the person approaching reached over the defendant’s shoulder allegedly striking the gun causing it to go off killing the victim. At the conclusion of the trial, the defendant requested the following jury charge, which was denied.
“The law recognizes withdrawal as a defense to felony-murder or premeditated murder. To establish the defense of withdrawal, the defendant must show: 1. That he abandoned and renounced any intention to kill the victim. 2. That he communicated his renunciation to his accomplice in sufficient time for him to consider refraining from the homicide. A defendant may withdraw from the crime of felony-murder even after the underlying felony is completed. If you have a reasonable doubt that Jose Enrique Nerey withdrew from the homicide of Robert Tarver, then you must find him not guilty of First Degree Murder.”
Instead, the court charged the jury as follows:
“It is not an attempt to commit a crime if the defendant abandoned his attempt to commit the offense or otherwise prevented its commission under circumstances indicating a complete and voluntary renunciation of his criminal purpose.”
The cause went to the jury which found the defendant guilty of murder in the first degree with a firearm; attempted robbery with a firearm; and display of a firearm during commission of a felony. He was sentenced to life with a minimum mandatory of twenty-five years. In addition to the life sentence imposed in this case, on August 8, 1990, the court sentenced the defendant to two consecutive 15 year terms on the attempted armed robbery and the display of a firearm. This was an upward departure from the recommended guidelines sentence of 2xkr-Zlh years, and the court’s written reason for departure listed the unscored capital felony of first degree murder as the reason for departure. This does not appear to be erroneous. See Lawton v. State, 538 So.2d 1369 (Fla. 3d DCA 1989; Fryson v. State, 506 So.2d 1117 (Fla. 1st DCA 1987); Garcia v. State, 501 So.2d 106 (Fla. 3d DCA 1987); Smith v. State, 454 So.2d 90 (Fla. 2d DCA 1984.
The appellant contends the trial court erred in failing to give the jury his requested special instruction on his defense of withdrawal where there was sufficient evidence to support the instruction.
The state contends the trial court was correct because the overwhelming evidence contradicted the defendant’s lone self-serving statement to indicate withdrawal. Further more, the jury was instructed on abandonment and this defense was argued at length in closing argument and rebuttal, thus any errors in denying the requested instruction were harmless. Section 924.33, Florida Statutes (1989).
Affirmed.