710 So.2d 58 (1998)
Brandon Troy MARTIN, Appellant,
v.
STATE of Florida, Appellee.
No. 97-1135.
District Court of Appeal of Florida, Fourth District.
March 18, 1998.
Richard L. Jorandby, Public Defender, and Cherry Grant, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, Judge.
Appellant was charged with burglary by an adult information. His alleged companion in the burglary, a juvenile named Hall, was charged by a petition for delinquency. Hall pled no contest to a reduced charge of trespass, and appellant argues that the Halls adjudication was erroneously admitted in evidence to impeach Hall. We agree.
At appellant's trial Hall testified as a witness for the defense that two other people had committed the burglary. On cross examination the state asked Hall if he had ever been on the victim's property and Hall had responded that he had not. The state was *59 then allowed, over appellant's objection, to ask Hall if he had pled no contest to the charge of trespass on the victim's property, and Hall responded that he had.
Section 90.610, Florida Statutes (1995) provides that convictions of certain crimes can be used as impeachment; however, subsection (1)(b) provides that juvenile adjudications are not admissible under the statute.
The state relies on Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974) in which the Supreme Court held that a state's interest in preserving the confidentiality of juvenile delinquency adjudications must in some cases give way to the Sixth Amendment right of confrontation of witnesses. Here, however, the witness was testifying for the defendant, and if the state had been unable to cross examine Hall about his juvenile record it would not have violated any constitutional right. The state also relies on Jackson v. State, 336 So.2d 633 (Fla. 4th DCA 1976); however, section 90.610(1)(b) was not in effect when the Jackson case was tried. Rather this court was interpreting a different statute providing that a juvenile adjudication was not a conviction of a crime.
In the present case the only basis on which Hall could have been impeached for criminal convictions was section 90.610; however, the statute plainly provided that juvenile adjudications could not be used for that purpose. We must, therefore, reverse.
Appellant also argues that the prosecutor should not have been permitted to argue that another juvenile named Whyte did not take part in the burglary. Although that issue was not preserved for purposes of appeal, we address it because it may again come up in appellant's new trial.
Whyte who was acquainted with appellant, went to the police on his own and confessed that he and another person known only as "Gizmo" had committed the burglary. Whyte was then charged by petition for delinquency with the burglary, entered a plea to that offense, and was sentenced for it.
Appellant's defense in this case was that Whyte and Gizmo had committed the offense, and that appellant had been mistakenly identified by the victim. The state took the position in opening statement, in cross examination of Whyte, and in final argument, that Whyte was not involved in the burglary.
Appellant argues that the state should not be permitted to take inconsistent positions by obtaining a conviction of Whyte and then arguing in this case that Whyte didn't commit the crime. Appellant, however, has been unable to find any authority from Florida or any other jurisdiction to support his argument. He argues that we should apply the reasoning of the court in Nichols v. Collins, 802 F.Supp. 66 (S.D.Tex.1992), in which the court held that the state could not take the position that the defendant was the shooter of a victim killed by a single bullet, when it had previously obtained a murder conviction of a different defendant on the theory that he had been the shooter. The federal district court granted a petition for habeas corpus, concluding that the taking of inconsistent factual positions by the state constituted a denial of due process. On appeal, however, the fifth circuit reversed, concluding that the state had not violated the defendant's constitutional rights. Nichols v. Scott, 69 F.3d 1255 (5th Cir.1995).
We need not determine whether we agree with the trial court or the appellate court in Nichols, because even if we were to conclude that the state should not be able to take inconsistent positions, we would not apply that doctrine to these facts.
In this case, after appellant was charged with the crime, Whyte went to the police on his own, confessed to the crime, and entered a plea. The jury could well have found from the evidence that appellant committed the crime, but that Whyte a juvenile, decided to take the blame in order to save the appellant, who was an adult, from a much more serious penalty. We thus find no error in the prosecutor arguing that Whyte had not committed the burglary in response to appellant's defense that Whyte had committed the burglary and that appellant had been mistakenly identified.
Reversed and remanded for a new trial.
WARNER and FARMER, JJ., concur.