W. SHARP, Judge.
Foraker appeals from his judgment and sentences for two counts of committing a lewd act on a child.[1] He argues on appeal: 1) similar fact evidence involving another child, Kumberly Blanchett, should not have been admitted, pursuant to the Williams Rule;[2] 2) the trial court should have admitted evidence that although Foraker was charged with lewd assault on Kimberly, the state later filed a “no information” on the charge; and 3) the trial court erred in denying defense counsel’s request for a jury interview based on allegations by Fo- *111 raker’s daughter, who was present at the trial, that a juror (later elected foreperson) was sleeping during the trial. We affirm.
In this case, Foraker was charged with handling and fondling Monica while she was a overnight house guest visiting his daughter, who was Monica’s age and her friend. Monica testified that she spent spring break with Foraker and his daughter, and an additional ten to fifteen weekends with them. Monica would be awakened by Foraker at night, who was fondling her over her clothes. Foraker’s daughter slept through these incidents and Monica was afraid to tell anyone. Foraker took the girls to Disney World and other attractions, and he would buy both of them clothing and other gifts.
Similarly, Kimberly testified she was fondled by Foraker when she was approximately thirteen years old—the same age as Monica. She often spent the weekends with Foraker and his daughter, who was also her friend. The daughter slept through the incidents and Kimberly was afraid to say anything. Foraker also took Kimberly and his daughter to attractions, like Busch Gardens, and bought them gifts. It appears to us that the evidence of Foraker’s behavior with Monica and Kimberly are sufficiently similar to rise to the higher standard necessary to admit evidence in a nonfamilial setting,[3] even if, arguendo, Monica and Kimberly were not strictly in a legitimate custodial relationship with Foraker. See Heuring v. State, 513 So.2d 122 (Fla.1987).
This court has rejected Foraker’s argument that the “no information” in Kimberly’s case should be admissible in the trial to show his innocence. See Wrobel v. State, 410 So.2d 950 (Fla. 5th DCA), rev. denied, 419 So.2d 1201 (Fla.1982). Whether the state in its discretion feels it can prosecute a criminal case involves many factors quite irrelevant to the truth or innocence of the alleged perpetrator.
Finally, we do not think the allegations that a juror was sleeping during the trial were sufficiently specific and egregious to require the trial judge to conduct an investigation into misconduct. Devoney v. State, 717 So.2d 501 (Fla.1998); Allen v. State, 493 So.2d 1080 (Fla. 1st DCA 1986). Here Foraker’s daughter acknowledged she was not sure whether the juror was sleeping or merely had her eyes closed. The trial judge noted this juror would occasionally close her eyes, but it was clear to him the juror was listening and was aware of the proceeding. In this case there was no abuse of discretion to deny a further investigation. See Ivey v. State, 132 Fla. 36, 180 So. 368 (Fla.1938).
AFFIRMED.
THOMPSON and ANTOON, JJ., concur.

. § 800.04, Fla. Stat.

. Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959); § 90.404(2)(a), Fla. Slat.

. See State v. Rawls, 649 So.2d 1350 (Fla.1994).