792 So.2d 564 (2001)
Clayton Montay RIVERS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D00-2845.
District Court of Appeal of Florida, First District.
July 13, 2001.
Rehearing Denied August 31, 2001.
*565 Nancy A. Daniels, Public Defender; David P. Gauldin, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Janelle C. Gillaspie, Assistant Attorney General & Certified Legal Intern; and Karen M. Holland, Assistant Attorney General, Tallahassee, for Appellee.
BROWNING, J.
A jury found Clayton M. Rivers (Appellant) guilty of aggravated assault with a firearm and attempted robbery with a firearm. The conviction for aggravated assault was dismissed because it is encompassed in the conviction for the other crime. The trial court adjudicated Appellant guilty of attempted armed robbery with a firearm and sentenced him to 10 years' incarceration. The sole issue raised on appeal is whether the trial court reversibly erred by ruling that Appellant's prior adjudication of delinquency "is tantamount to being convicted in adult court" and, on that basis, stating that the prosecutor could ask Appellant, for impeachment purposes, whether he ever had been convicted of a felony. Given the particular circumstances that led to the challenged ruling, we conclude that the defense waived the right to challenge it on direct appeal. Ohler v. United States, 529 U.S. 753, 758-59, 120 S.Ct. 1851, 146 L.Ed.2d 826 (2000). Therefore, we affirm the judgment and sentence.
Immediately after the State rested its case, defense counsel approached the bench and informed the trial court that after inquiring as to whether the State had any prior felony convictions against her client, the prosecutor had mentioned an adjudication of delinquency in the juvenile court. Defense counsel objected to the State's use of a delinquency adjudication because it is not "an actual determination of guilt that can be used for impeachment." Upon the court's inquiry, the prosecutor indicated his intent to ask Appellant whether he had been convicted of a crime. The defense asserted that an adjudication of delinquency in juvenile court is different from a finding of guilt of a felony in adult court. After argument of counsel, the trial court found that an adjudication of delinquency is equivalent in effect to a felony conviction in adult court, for purposes of allowing the State to inquire about Appellant's prior record. The ruling that Appellant's adjudication of delinquency could be used against him for impeachment purposes is erroneous. Martin v. State, 710 So.2d 58 (Fla. 4th DCA 1998) (error to permit defense witness to be impeached under § 90.610, Fla. Stat., with juvenile adjudication); Goodman v. State, 567 So.2d 37 (Fla. 3d DCA 1990); Lawton v. State, 538 So.2d 1369 (Fla. 3d DCA 1989).
The applicable provision in the Florida Evidence Code states:
90.610 Conviction of certain crimes as impeachment.

*566 (1) A party may attack the credibility of any witness, including an accused, by evidence that the witness has been convicted of a crime if the crime was punishable by death or imprisonment in excess of 1 year under the law under which the witness was convicted or if the crime involved dishonesty or a false statement regardless of the punishment, with the following exceptions:
* * *
(b) Evidence of juvenile adjudications are [sic] inadmissible under this subsection.
§ 90.610(1)(b), Fla. Stat. (1999). The State concedes that if Appellant's prior offense occurred while he was a juvenile, and he was not tried as an adult, then evidence of his delinquency adjudication is inadmissible under this statute and Martin, 710 So.2d at 58.
However, given the events that immediately followed this erroneous ruling, we must take our inquiry one step further to determine whether the right to challenge this ruling was waived. Defense counsel called Appellant to testify, and at the end of her direct examination of Appellant, counsel asked the following questions:
Q. Now, have you ever been convicted of a felony before or any kind of trouble before?
A. Yes, ma'am.
Q. How many times, Clayton?
A. Once.
Q. Is that in juvenile court?
A. Yes, ma'am.
Defense counsel then announced that she had no further questions for her client. The State proceeded to cross-examine Appellant, during which the prosecutor briefly alluded to the prior record when he asked whether (during the commission of the crimes for which he was being tried) Appellant had thought "I don't want the police to catch me with a gun because I've got a prior conviction." No mention of the delinquency adjudication was made during closing argument.
Although the trial court's ruling concerning the juvenile adjudication was error, and defense counsel initially preserved the issue with a timely and specific objection, we conclude that counsel subsequently waived the right to challenge the issue on direct appeal by preemptively introducing the evidence of the prior adjudication during direct examination. Ohler, 529 U.S. at 753, 120 S.Ct. 1851 (defendant who preemptively introduces evidence of prior conviction on direct examination may not claim on appeal that admission of such evidence was error). Unless and until the State attempted to impeach Appellant with his adjudication of delinquency, any harm arising therefrom was speculative. Id. Defense counsel's preemptive maneuver deprived the trial court of the opportunity to reconsider its ruling, as it could have done if counsel had waited to see whether the State would, in fact, attempt to impeach Appellant with the delinquency adjudication on cross-examination. Gill v. Thomas, 83 F.3d 537 (1st Cir.1996) (arrestee waived right to appeal ruling on motion in limine to preclude arresting officer from asking about prior misdemeanor convictions, where arrestee opted to introduce misdemeanors preemptively to "remove the sting" from anticipated impeachment in civil rights action and did not wait for officer to introduce misdemeanors, and then object, and allow magistrate to reconsider the in limine ruling). Anticipating such a question by the prosecutor, defense counsel would have had an ample chance to reiterate her concerns to the trial court and give the court the opportunity to remedy its error. A defendant should not be heard to complain on direct appeal, where *567 the trial record demonstrates that defense counsel introduced the very same evidence now claimed to have been improperly introduced. Shorter v. United States, 412 F.2d 428, 431 (9th Cir.1969) (where defendant offered evidence of his prior convictions when court ruled that if he took stand, prosecution would be permitted to use such prior convictions for impeachment purposes, defendant could not complain that his own act of offering such evidence violated his constitutional rights); State v. Raydo, 713 So.2d 996 (Fla.1998).
Appellant's conviction and sentence are AFFIRMED.
ERVIN and MINER, JJ., concur.