940 So.2d 1244 (2006)
Daniel Patrick WELCH, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-5989.
District Court of Appeal of Florida, Second District.
November 3, 2006.
*1245 Roger D. Futerman and Sean B. Kelley of Roger D. Futerman & Associates, Clearwater, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Amanda Lea Colón, Assistant Attorney General, Tampa, for Appellee.
VILLANTI, Judge.
Daniel Patrick Welch appeals the trial court's judgments and sentences to concurrent terms of forty-two months in prison for trafficking in Oxycodone and conspiracy to traffic in Oxycodone. He raises four issues on appeal. We affirm on three of these issues without comment. We also affirm as harmless error the remaining issuethat the State was erroneously allowed to bolster the testimony of the confidential informant, the State's primary witness.
Law enforcement officers developed the case against Welch by the use of a confidential informant whom they first encountered when she was arrested for three counts of grand theft from her employer. During her direct testimony, the confidential informant described her arrest and admission to the theft charges. The State then asked the confidential informant, "And at that time, had you ever been charged with a felony before?" Welch's counsel objected and moved for a mistrial on the basis that the question was improper bolstering.
"Generally, a party may not introduce evidence of the good character of a witness to bolster or support the credibility of that witness." 1 Charles W. Ehrhardt, Florida Evidence § 611.2 at 620 (2006 ed.) "However, once the credibility of a witness has been attacked, it may be possible to support or rehabilitate the witness." Id. Bolstering a witness is different from anticipatory rehabilitation of a witness. "A witness may testify on direct examination about . . . prior convictions when the testimony is elicited in an attempt to `soften the blow' or reduce the harmful consequences of such evidence." § 608.2 at 539. Indeed, "the rule against bolstering the credibility of a witness before it has been attacked . . . forbids counsel from using this technique [anticipatory rehabilitation]." § 608.2 at 539-40. In other words, anticipatory rehabilitation does not generally require an attack on the witness, but there must be the foundation for its use as a preemptive tactic. Otherwise, the tactic is improper bolstering.
Interestingly, it is the answer to the State's question that classifies the question as either bolstering or anticipatory rehabilitation.[1] In the present case, the answer given was "No. I'd never been arrested before." Thus, the issue here involves the bolstering of the witness's character and not anticipatory rehabilitation.[2]
*1246 Section 90.404(1)(c), Florida Statutes (2004), provides that:
(1) CHARACTER EVIDENCE GENERALLY.Evidence of a person's character or a trait of character is inadmissible to prove action in conformity with it on a particular occasion, except:
. . . .
(c) Character of witness.Evidence of the character of a witness, as provided in ss. 90.608-90.610.
Section 90.608 deals with "[w]ho may impeach" a witness and section 90.609 defines the "[c]haracter of witness as impeachment." The section relevant to this opinion is 90.610, "[c]onviction of certain crimes as impeachment." Significantly, the statute does not include the lack of a criminal conviction, or as applicable here, the lack of a prior felony charge.
The State argues that we should allow this bolstering of State witnesses, although such testimony has repeatedly been found inadmissible for criminal defendants and victims. For example, testimony that a defendant has not been convicted of a crime is not admissible during the direct examination of the accused. See, e.g., Lawton v. State, 538 So.2d 1369, 1369 (Fla. 3d DCA 1989) (noting that evidence that a defendant had no prior criminal record is "patently inadmissible in Florida"); Wrobel v. State, 410 So.2d 950, 951 (Fla. 5th DCA 1982) (noting that "the good character of an accused may not be proved by testimony that he has never been previously charged with or convicted of a criminal offense"). Similarly, cases have held that there is no authority for the bolstering of victim witnesses. See Landry v. State, 620 So.2d 1099, 1101 (Fla. 4th DCA 1993) (finding it improper for the State to ask an officer about his lack of disciplinary reports); Jacob v. State, 546 So.2d 113, 115 (Fla. 3d DCA 1989) (finding that evidence that no complaints involving violence toward inmates had ever been filed against an officer was inadmissible in direct examination of officer). Thus, we hold that the law does not support an exception as argued by the State.
Accordingly, it was error for the trial court to allow the State to question the confidential informant on direct examination about her lack of felony charges. Nevertheless, we conclude that it was harmless error. See State v. DiGuilio, 491 So.2d 1129, 1138 (Fla.1986) ("[T]here is no reasonable possibility that the error contributed to the conviction."). Therefore, we affirm.
Affirmed.
ALTENBERND and DAVIS, JJ., Concur.
NOTES
[1] We point out that counsel may not ask a witness about prior convictions "unless he or she has knowledge that the witness has in fact been convicted of the crime or crimes." Brown v. State, 787 So.2d 136, 139 (Fla. 4th DCA 2001).
[2] "It is clear that nothing under section 90.405 nor in the case law of Florida authorizes the defense to introduce evidence of the absence of prior criminal convictions as a substitute for reputation testimony. . . ." Wrobel v. State, 410 So.2d 950, 951 (Fla. 5th DCA 1982).