603 So.2d 617 (1992)
Stephen Allen SHOOK, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2536.
District Court of Appeal of Florida, First District.
August 3, 1992.
Nancy A. Daniels, Public Defender, P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Sara D. Baggett, Asst. Atty. Gen., Tallahassee, for appellee.
MINER, Judge.
Appellant seeks review of the habitual offender sentence imposed upon him as the result of his plea of nolo contendere to the offense of burglary of a dwelling. We reverse and remand for resentencing.
At appellant's sentencing hearing, the state introduced two previous juvenile delinquency adjudications as the basis for habitualization. Based upon these juvenile adjudications of delinquency, the trial judge found appellant to be an habitual offender and sentenced him accordingly.
On appeal, the state concedes appellant was improperly sentenced as an habitual felony offender based on juvenile adjudications of delinquency. We agree.
Section 39.10(4), Florida Statutes (1989),[1] provides that, except for use in subsequent proceedings under chapter 39, an adjudication of delinquency "shall not be deemed a conviction." Because section 775.084, Florida Statutes (1989), requires prior felony "convictions" without specifically including juvenile adjudications, habitualization cannot be based upon juvenile adjudications.
*618 REVERSED and REMANDED for resentencing.
ERVIN and WEBSTER, JJ., concur.
NOTES
[1] This provision, with minor modifications not relevant here, can now be found in section 39.053(4), Florida Statutes (Supp. 1990).