605 So.2d 1309 (1992)
Michael Paul GAHLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2671.
District Court of Appeal of Florida, First District.
October 9, 1992.
Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., James W. Rogers, Bureau Chief, Criminal Appeals, and Carolyn Mosley, Asst. Atty. Gen., Tallahassee, for appellee.
*1310 PER CURIAM.
Michael Paul Gahley has appealed from sentencing as an habitual offender, imposed after he pled nolo contendere to robbery with a weapon and resisting arrest with violence. Gahley alleges that he could not properly be classified as an habitual offender, in that one of the two predicate felony convictions required by section 775.084(1)(a)1., Florida Statutes (1989), and offered by the state, was a juvenile adjudication of delinquency. We reverse and remand for resentencing.
As noted above, Gahley pled nolo contendere to robbery with a weapon and resisting arrest with violence. At the subsequent sentencing proceeding, the state presented as predicate convictions for habitual offender classification a 1989 unarmed robbery conviction, and a 1988 juvenile adjudication of delinquency for aggravated assault and opposing an officer with violence. Defense counsel affirmatively declined to argue that Gahley did not qualify as an habitual offender. The court made a general finding that he qualified as such, and sentenced Gahley as an habitual offender.
Gahley argues that he could not properly be classified as an habitual offender, in that a juvenile adjudication of delinquency is not a "conviction." § 39.053(4), Fla. Stat. (1989). The state responds that defense counsel conceded Gahley's qualification as an habitual offender, and further argues that any error was harmless, in that the remaining 1989 robbery conviction would support the more severe habitual violent felony offender sentencing classification. The state therefore suggests that, if the sentence herein is reversed, it be allowed to seek the latter classification on remand.
In Shook v. State, 603 So.2d 617 (Fla. 1st DCA 1992), the defendant pled nolo contendere, and was classified as an habitual offender based on two previous juvenile delinquency adjudications. The state conceded on appeal that habitualization was improperly predicated on these adjudications, and the court agreed. It noted the provision of section 39.10(4), Florida Statutes (predecessor of section 39.053, Florida Statutes) that an adjudication of delinquency "shall not be deemed a conviction." Because section 775.084 requires prior felony "convictions" without specifically including juvenile adjudications, the court held that habitualization cannot be based upon juvenile adjudications. Shook at 617 (emphasis in original).
After eliminating the juvenile adjudication improperly relied on below, there are insufficient felony convictions to qualify Gahley as an habitual offender. The failure of defense counsel to object to that classification does not, as the state argues, bar consideration of the issue on appeal. Without the necessary predicate convictions Gahley's sentence as an habitual offender is illegal, and no objection is required to raise the issue of an illegal sentence on direct appeal. Williams v. State, 591 So.2d 948, 950 (Fla. 1st DCA 1991). The sentence imposed herein must therefore be reversed and the case remanded for resentencing. On remand, the state may not seek to have Gahley sentenced as an habitual violent felony offender. See Banks v. State, 591 So.2d 282 (Fla. 1st DCA 1991).
Reversed and remanded for resentencing.
JOANOS, C.J., and BOOTH and WIGGINTON, JJ., concur.