713 So.2d 1032 (1998)
Jon N. MOODY, Petitioner,
v.
Larry CAMPBELL, Sheriff of Leon County, Respondent.
No. 98-1969.
District Court of Appeal of Florida, First District.
June 5, 1998.
Nancy A. Daniels, Public Defender, and Randolph P. Murrell, Assistant Public Defender, Tallahassee, for petitioner.
Robert A. Butterworth, Attorney General, and Mark C. Menser, Assistant Attorney General, Tallahassee, for respondent.
PER CURIAM.
Petitioner Jon N. Moody is currently being held without bail awaiting trial on charges of burglary of a dwelling and petit theft. His detention under these particular circumstances is unauthorized and we therefore issue a writ of habeas corpus.
After his arrest on the above-described charges, petitioner posted bail and was released. He was subsequently arrested for trespass on property and removing a posted sign, both misdemeanors. A short time later *1033 he was arrested for a new offense of petit theft. The state then moved to revoke his bond and re-commit the defendant. After considering the defendant's record and hearing argument of counsel, the trial judge ordered pretrial detention, finding there to be no satisfactory conditions of release that would protect the community from the defendant's further criminal conduct.
As a threshold matter, while the trial court has the authority to arrest and commit a defendant released on bail for a breach of the undertaking, the subsequent proceedings are nevertheless controlled by the terms of section 907.041, Florida Statutes. Metzger v. Cochran, 694 So.2d 842 (Fla. 4th DCA 1997). Here the court ordered pretrial detention under section 907.041(4)(b)4., finding that the defendant poses a threat of harm to the community. Petitioner concedes that he is charged with a "dangerous crime" pursuant to section 907.041(4)(a)16. However, in addition to such a pending charge, section 907.041(4)(b)4. requires that the court must find at least one of three additional criteria to be met before a defendant may be detained because he poses a threat of harm to the community:
a. The defendant has previously been convicted of a crime punishable by death or life imprisonment.
b. The defendant has been convicted of a dangerous crime within the 10 years immediately preceding the date of his or her arrest for the crime presently charged.
c. The defendant is on probation, parole, or other release pending completion of sentence or on pretrial release for a dangerous crime at the time of the current arrest.
Petitioner has not been convicted of a crime punishable by death or life imprisonment nor was he on probation, parole, or other release pending completion of sentence or on pretrial release for a dangerous crime at the time of his arrest for burglary. The respondent argues, however, that the defendant's delinquency adjudications while a minor, including as many as 12 burglaries and a number of assaults and batteries, satisfy subsection 907.041(4)(b)4.b. We are unable to read the statute in that way.
Although this appears to be a question of first impression, the courts have found in analogous situations that a juvenile delinquency adjudication is not a "conviction." For example, in J.B.M. v. State, the court held that a juvenile who committed a delinquent act that would be a felony if committed by an adult did not, when subsequently found to be in possession of a firearm, violate section 790.23(1), Florida Statutes. 560 So.2d 347 (Fla. 5th DCA 1990). In general, juvenile delinquency proceedings are neither wholly criminal nor civil in nature. State v. Boatman, 329 So.2d 309, 312 (Fla.1976). For that reason some of the procedural safeguards of adult proceedings, such as a right to a trial by jury, are not applicable in juvenile proceedings. Id. By contrast, the legislature has, in other contexts, spoken to the effect of prior juvenile convictions. See, e.g., §§ 921.0011(5), Fla. Stat. (1997)(sentencing guidelines); 90.610(1)(b) (evidence). The absence of any clarification by the legislature regarding the applicability of juvenile adjudications to section 907.041(4)(b)4.b. points to their exclusion from its scope, especially in light of the rules of statutory construction in criminal proceedings. See also State v. T.M.B., 23 Fla. L. Weekly S180 (Fla. April 2, 1998)(juvenile appeals are governed by chapter 39, Florida Statutes [now chapter 985] and section 924.051(4), Florida Statutes, does not apply in juvenile delinquency proceedings).
Upon consideration of the above, we find that the petitioner does not satisfy the statutory criteria for pretrial detention and we therefore order his immediate release from custody. Our holding is limited to an interpretation of section 907.041 as now in effect. It is within the scope of legislative authority to address this issue again in the future. This order does not preclude the trial court from setting reasonable conditions for the petitioner's pretrial release pursuant to section 903.047, Florida Statutes and Florida Rule of Criminal Procedure 3.131.
No motion for rehearing will be entertained and the clerk of this court is directed to issue mandate forthwith.
PETITION GRANTED; WRIT ISSUED.
*1034 BARFIELD, C.J., and KAHN, J., concur.
LAWRENCE, J., dissents with written opinion.
LAWRENCE, Judge, dissenting.
I respectfully dissent, and would deny Moody's petition for writ of habeas corpus. Moody, twenty-one years old, undisputedly is charged with a "dangerous crime" as defined in section 907.041,[1] specifically, burglary of a dwelling. Moody undisputedly stands adjudicated as a juvenile of twelve burglaries and numerous assaults and batteries, committed within the ten years immediately preceding the date of his arrest for the crime presently charged. He was released from juvenile boot camp in 1996.
The only issue in this case is whether Moody should be shielded from pretrial detention because his extensive record of criminal activity is a juvenile one. While protecting a juvenile from a criminal record may be *1035 laudatory for purposes of rehabilitation, there is no evidence of legislative intent to protect Moody as an adult from pretrial detention. The legislature's clear statement of intent is public safety, evidenced by the express statutory statement that its "primary consideration [is] the protection of the community from risk of physical harm to persons." § 907.041(1), Fla. Stat. (1997). Moody is no less a threat to public safety because he committed offenses as a juvenile rather than as an adult.
The trial judge's decision to leave Moody incarcerated in the Leon County Jail pending trial in my view is both a sound one, and the one mandated by the pretrial-detention statute. I therefore would deny Moody's petition for writ of habeas corpus.
NOTES
[1] Section 907.041, Florida Statute (1997), in relevant part, provides:

Pretrial detention and release.
(1) Legislative intent.It is the policy of this state that persons committing serious criminal offenses, posing a threat to the safety of the community or the integrity of the judicial process, or failing to appear at trial be detained upon arrest. However, persons found to meet specified criteria shall be released under certain conditions until proceedings are concluded and adjudication has been determined. The Legislature finds that this policy of pretrial detention and release will assure the detention of those persons posing a threat to society while reducing the costs for incarceration by releasing, until trial, those persons not considered a danger to the community who meet certain criteria. It is the intent of the Legislature that the primary consideration be the protection of the community from risk of physical harm to persons.
....
(4) Pretrial detention.
(a) As used in this subsection, "dangerous crime" means any of the following:
1. Arson;
2. Aggravated assault;
3. Aggravated battery;
4. Illegal use of explosives;
5. Child abuse or aggravated child abuse;
6. Abuse of an elderly person or disabled adult, or aggravated abuse of an elderly person or disabled adult;
7. Hijacking;
8. Kidnapping;
9. Homicide;
10. Manslaughter;
11. Sexual battery;
12. Robbery;
13. Carjacking;
14. Lewd, lascivious, or indecent assault or act upon or in presence of a child under the age of 16 years;
15. Sexual activity with a child, who is 12 years of age or older but less than 18 years of age, by or at solicitation of person in familial or custodial authority;
16. Burglary of a dwelling;
17. Stalking and aggravated stalking;
18. Act of domestic violence as defined in s. 741.28; and
19. Attempting or conspiring to commit any such crime; and home-invasion robbery.
(b) The court may order pretrial detention if it finds a substantial probability, based on a defendant's past and present patterns of behavior, the criteria in s. 903.046, and any other relevant facts, that:
1. The defendant has previously violated conditions of release and that no further conditions of release are reasonably likely to assure the defendant's appearance at subsequent proceedings;
2. The defendant, with the intent to obstruct the judicial process, has threatened, intimidated, or injured any victim, potential witness, juror, or judicial officer, or has attempted or conspired to do so, and that no condition of release will reasonably prevent the obstruction of the judicial process;
3. The defendant is charged with trafficking in controlled substances as defined by s. 893.135, that there is a substantial probability that the defendant has committed the offense, and that no conditions of release will reasonably assure the defendant's appearance at subsequent criminal proceedings; or
4. The defendant poses the threat of harm to the community. The court may so conclude if it finds that the defendant is presently charged with a dangerous crime, that there is a substantial probability that the defendant committed such crime, that the factual circumstances of the crime indicate a disregard for the safety of the community, and that there are no conditions of release reasonably sufficient to protect the community from the risk of physical harm to persons. In addition, the court must find that at least one of the following conditions is present:
a. The defendant has previously been convicted of a crime punishable by death or life imprisonment.
b. The defendant has been convicted of a dangerous crime within the 10 years immediately preceding the date of his or her arrest for the crime presently charged.
c. The defendant is on probation, parole, or other release pending completion of sentence or on pretrial release for a dangerous crime at the time of the current arrest.
(Emphasis added.)