ALLEN, J.
The City of Jacksonville appeals an.order dismissing a claim for liquidated damages under section 9601293(2)(b), Fla.Stat. This statute permits the state and local subdivisions to recover a per diem charge for the incarceration and correctional costs for a “convicted offender.”- The statute further refers to “conviction ... for an offense,” and “the convicted offender’s sentence....” In dismissing the City’s claim the court ruled that section 960.293(2)(b) does not apply to juvenile detention in connection with a delin *308 quency order under chapter 39, Fla.Stat. (Supp.1994).
Because the terminology used in section 960.293(2)(b), with regard to convictions and convicted offenders, does not pertain in the juvenile context under chapter 39, we likewise conclude that the statute does not apply to such juvenile detention, even when the delinquency adjudication is predicated on a violation of criminal law. The section 960.291(2) and (3), Fla.Stat., definitions of “conviction” and “convicted offender” likewise use terminology which doés not pertain in the chapter 39 juvenile context. And section 39.053(4), Fla.Stat. (Supp.1994), specifies (apart from limited exceptions not involved here) that
... an adjudication of delinquency by a court with respect to any child who has committed a delinquent act or violation of law shall not be deemed a conviction....
The appealed order is therefore affirmed.
WEBSTER and BROWNING, JJ., concur.