753 So.2d 129 (2000)
Randall James PAYNE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-928.
District Court of Appeal of Florida, Second District.
January 12, 2000.
Rehearing Denied March 8, 2000.
*130 James Marion Moorman, Public Defender, and Timothy J. Ferreri, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jenny S. Sieg, Assistant Attorney General, Tampa, for Appellee.
PATTERSON, Chief Judge.
Randall Payne appeals from the final order designating him to be a sexual predator pursuant to section 775.21(4)(c), Florida Statutes (1997). We affirm.
Payne, who was a juvenile at the time of the offense, was charged as an adult with four counts of sexual battery. He entered a plea of nolo contendere to the charges. The trial court exercised its discretion to adjudicate and sentence Payne as a juvenile pursuant to section 985.233, Florida Statutes (1997). The court retained jurisdiction on the issue of classification as a sexual predator. No appeal was taken from this disposition. At a later hearing, the court determined Payne to be a sexual predator and entered an order classifying him as such. This appeal arises from that order.
As a prerequisite to classification as a sexual predator, section 775.21(4) of the Florida Sexual Predators Act requires that the defendant have a "conviction" for a qualifying offense. Payne argues that because section 985.233(4)(b) provides that an adjudication of delinquency "shall not be deemed a conviction," he does not meet the Act's criteria. We disagree because of the unique nature of section 775.21. As we determined in Collie v. State, 710 So.2d 1000 (Fla. 2d DCA 1998), the provisions of section 775.21 are not a form of punishment, but rather a procedure to protect our children and the public at large from predatory sexual activity. To that end, we determine that Payne was "convicted" pursuant to section 775.21(4)(e) at the time he entered a plea of nolo contendere to adult charges of sexual battery. The fact that the trial court thereafter elected to treat Payne as a juvenile for sentencing purposes does not affect his status under section 775.21, which attached at the time of his plea.
Affirmed.
PARKER and GREEN, JJ., Concur.