ERVIN, J.
Appellant, J.M., a child, appeals an order declaring him a sexual predator under section 775.21, Florida Statutes (2000). J.M. contends that the trial court erred in applying the classification to him, in that he was adjudicated delinquent for committing a violation of law rather than convicted, which is required under the sexual-predator statute. Because • section 985.233(4)(b), Florida Statutes (1999), states that an adjudication of delinquency shall not be deemed a conviction, we reverse.
J.M. was charged as an adult and pled nolo contendere to sexual battery on a child under 12, a violation of section 794.011(2), Florida Statutes (1999). Psy *1205 chological experts and witnesses testified at his disposition hearing that J.M. was deeply remorseful,- and there is little likelihood that he will repeat this kind of offense. The court adjudicated J.M. delinquent and placed him in a nonresidential treatment program. Although the court considered that classifying J.M. as a sexual predator was inappropriate under these facts, it concluded that it was bound to do so by Payne v. State, 753 So.2d 129 (Fla. 2d DCA), review denied, 773 So.2d 56 (Fla.2000).
Payne was a juvenile who pled nob contendere to four counts of sexual battery and was adjudicated delinquent and classified a sexual predator under section 775.21. On appeal, Payne contended that he could not be so classified because the sexual-predator act required a conviction, yet section 985.233(4)(b), Florida Statutes (1997), provided that an adjudication of delinquency “shall not be deemed a conviction.” The Second District disagreed, citing “the unique nature of section 775.21.” Payne, 753 So.2d at 130. The court observed that section 775.21 does not impose a punishment but instead provides a “procedure to protect our children and the public at large from predatory sexual activity.” Id. It thereupon concluded that Payne was “convicted” and subject to classification as a sexual predator the moment he entered his plea to adult charges of sexual activity; consequently, the fact that the trial court has sentenced him as a juvenile did not change his status. Id.
We disagree with the Second District’s decision. Section 985.227(3)(c), Florida Statutes (1999), confers on a trial court the discretion to enter a disposition of the case under section 985.233, rather than impose an adult sanction. Section 985.233 outlines the court’s powers of disposition once it finds that a child tried as an adult has committed a violation of law. Under subsection (4), which provides sentencing alternatives, paragraph (b) articulates the sanctions available to the court for juveniles who have not been previously adjudicated delinquent for certain acts:
In order to use this paragraph, the court shall stay adjudication of guilt and instead shall adjudge the child to have committed a delinquent act. Adjudication of delinquency shall not be deemed a conviction, nor shall it operate to impose any of the civil disabilities ordinarily resulting from a conviction.
(Emphasis added.)
Section 775.21(4)(a), in contrast, provides that an offender shall be classified a sexual predator only “upon conviction” of a qualifying offense. Section 775.21(2)(c) defines “conviction” as “a determination of guilt which is the result of a trial or the entry of a plea of guilty or nolo con-tendere, regardless of whether adjudication is withheld.” The state contends that if the legislature had intended to exempt juveniles adjudicated delinquent from the operation of the law, it could have excluded them from this definition. On the contrary, such exclusion was unnecessary, because section 985.233(4)(b) already expressly stated that an adjudication of delinquency is not a conviction.
There is no language in section 775.21 that demonstrates any legislative intent to abrogate the long-standing statutory mandate excluding adjudications of delinquency from the consequences of conviction, unless expressly stated otherwise. In 1951, when juvenile courts were first given jurisdiction over acts which would otherwise be designated criminal, the legislature enacted section 39.10(3), Florida Statutes *1206 (1951), which provided that in proceedings in juvenile courts, an adjudication of delinquency “shall not be deemed a conviction.” In 1972, the legislature elaborated upon the alternative dispositions available to courts other than juvenile courts. See § 959.115, Fla. Stat. (1972). Included therein was a provision comparable to that in section 39.10(3) which was applicable to juvenile proceedings, and which was nearly identical to the provision now in section 985.233(4)(b):
(3) In order to utilize this section, the court shall stay and withhold adjudication of guilt and instead shall adjudge the defendant to be delinquent. Such adjudication shall not be deemed a conviction, nor shall it operate to impose any of the civil disabilities ordinarily resulting from a conviction.
(Emphasis added.) Section 959.115 was rewritten in 1978, and moved to section 39.111, retaining the above provision. Ch. 78-414, § 16, at 1347, Laws of Fla.
On October 1, 1997, the legislature restructured chapter 39 and moved the provisions dealing with delinquency to chapter 985, Florida Statutes. See Ch. 97-238, Laws of Fla; State v. Fuchs, 769 So.2d 1006, 1010 n. 4 (Fla.2000). Included in the same act was section 985.227, authorizing the courts to enter dispositions under section 985.233 for juveniles tried as adults. See Ch. 97-238, § 35, at 4268-70, Laws of Fla. Section 985.233 was also created, which included the provision in subsection (4)(b), providing that “[ajdjudication of delinquency shall not be deemed a conviction.” See Ch. 97-238, § 41, at 4282-86, Laws of Fla. During the same legislative session which extensively revised the juvenile statutes, the legislature first defined “conviction” in the sexual-predator law. See Ch. 97-299, § 18, at 5369, Laws of Fla. It is a well recognized rule of statutory construction that statutes involving the same subject matter which are enacted during the same session must be construed in a manner that both harmonizes them and gives effect to the legislature’s intent. See Markham v. Blount, 175 So.2d 526 (Fla.1965); Bradford v. State, 740 So.2d 569 (Fla. 4th DCA 1999), review granted, 761 So.2d 331 (Fla.2000).
Another rule of interpretation is that “a special act takes precedence over a general law dealing with the same subject matter. This general rule especially holds true when both laws are passed during the same legislative session.” Loxahatchee River Envt’l Control Dist. v. Mann, 403 So.2d 363, 365 (Fla.1981) (citation omitted). Section 985.227(3)(e) specifically authorized trial courts to enter dispositions under section 985.233 for juveniles found to have committed certain offenses; section 985.233 specifically dealt with the courts’ powers of disposition of cases involving juveniles tried as adults and found to have violated the law. Accordingly, the provision in section 985.233(4)(b), excluding adjudications of delinquency irom the definition of “conviction,” takes precedence in a juvenile’s case over the definition of “conviction” in section 775.21(2)(c), which generally applies to all sexual offenders.
In reaching our conclusion, we note that this court recently decided that the sex offender conditions mandated by section 948.03(5), Florida Statutes, apply exclusively to adults and juveniles sentenced as adults, but are inapplicable to a juvenile who is adjudicated a delinquent child. C.C.M. v. State, 782 So.2d 537 (Fla. 1st DCA 2001).
We certify conflict with the Second District Court of Appeal’s decision in Payne v. *1207 State, 753 So.2d 129 (Fla. 2d DCA), review denied, 773 So.2d 56 (Fla.2000).
The portion of J.M.’s sentence classifying him as a sexual predator is VACATED.
ALLEN, J., concurs.
BOOTH, J., dissents.