PER CURIAM.
Appellant, a child, was charged as an adult with sexual battery on a child less than twelve. Appellant entered a plea of nolo contendere to the charge. The trial court adjudicated M.A.F. delinquent and declared him to be a sexual predator pursuant to section 775.21, Florida Statutes, the sexual-predator statute, under the authority of Payne v. State, 753 So.2d 129 (Fla. 2nd DCA), review denied, 773 So.2d 56 (Fla.2000). On appeal, M.A.F. argues that although he was prosecuted as an *1249 adult, he was given juvenile sanctions; therefore, the trial court was limited to the sex offender sanctions contained in the juvenile statutes. The same argument was raised in an analogous case, J.M. v. State, 783 So.2d 1204 (Fla. 1st DCA 2001), where this court agreed with the appellant’s argument and held that an adjudication of delinquency could not be deemed a conviction for purposes of the sexual-predator statute:
[T]he provision in section 985.233(4)(b), excluding adjudications of delinquency from the definition of “conviction” takes precedence in a juvenile’s case over the definition of “conviction” in section 775.21(2)(c), which generally applies to all sexual offenders.
Id. at 1206 (emphasis in original). In J.M., we found no legislative intent to give the trial court authority to declare a juvenile to be a sexual predator. See also C.C.M. v. State, 782 So.2d 537 (Fla. 1st DCA 2001)(holding that sexual offender conditions mandated by section 948.03(5) apply to adults and juveniles sentenced as adults, but do not apply to a juvenile who is adjudicated a delinquent child).
As in J.M., we certify conflict with the Second District Court of Appeal’s decision in Payne v. State, 753 So.2d 129 (Fla. 2nd DCA), review denied, 773 So.2d 56 (Fla. 2000).
The portion of M.A.F.’s sentence classifying him as a sexual predator is vacated.
WOLF, VAN NORTWICK and BROWNING, JJ„ concur.