824 So.2d 105 (2002)
STATE of Florida, Petitioner,
v.
J.M., a child, Respondent.
No. SC01-1215.
Supreme Court of Florida.
July 3, 2002.
*107 Robert A. Butterworth, Attorney General, James W. Rogers, Tallahassee Bureau Chief, Criminal Appeals, and Thomas H. Duffy, Assistant Attorney General, Tallahassee, FL, for Petitioner.
Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Assistant Public Defender, Second Judicial Circuit, Tallahassee, FL, for Respondent.
ANSTEAD, C.J.
We have for review J.M. v. State, 783 So.2d 1204 (Fla. 1st DCA 2001), which certified conflict with Payne v. State, 753 So.2d 129 (Fla. 2d DCA 2000).[1] We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. For the reasons set forth in this opinion, we approve the decision of the First District Court of Appeal that an adjudication of delinquency does not constitute a felony criminal conviction for purposes of adjudicating a person to be a *108 sexual predator under the Florida Sexual Predators Act. We disapprove the contrary holding in Payne.

PROCEEDINGS TO DATE
J.M., a fourteen-year-old juvenile, was charged as an adult with sexual battery in violation of section 794.011(2)(b), Florida Statutes (1999).[2]See J.M., 783 So.2d at 1204. J.M. pled nolo contendere to the charge and the trial court exercised its discretion to adjudicate J.M. as a delinquent, discretion authorized by section 985.227(3)(c), Florida Statutes (1999), and section 985.233(4)(b), Florida Statutes (1999).[3] In imposing juvenile sanctions, the court ordered J.M. to a Level 2, nonresidential treatment program under the supervision of the Department of Juvenile Justice.
Three experts testified at the juvenile disposition hearing that J.M.'s offense was not typical of the type committed by a chronic sexual offender. The experts recommended against incarceration, stating that incarceration would serve no purpose. They also opined that J.M. was amenable to treatment, did not present a high risk of reoffense, and would likely be rehabilitated. Likewise, they recommended against J.M.'s placement in any higher-level, residential juvenile sexual offender program that specialized in more serious, older offenders.
Subsequently, after juvenile sanctions were imposed, the State requested that the court classify J.M. as a sexual predator, pursuant to section 775.21, Florida Statutes (2000), also known as "The Florida Sexual Predators Act" ("Predator Act"). Section 775.21(4)(a) provides, in relevant part, that "upon conviction, an offender shall be designated as a `sexual predator'... if ... [t]he felony is [a] capital, life, or first-degree felony violation ... of chapter 794."[4] (Emphasis added.) In the definitions section of the Predator Act, the term "conviction" is defined as meaning "a determination of guilt which is the result of a trial or the entry of a plea of guilty or nolo contendere, regardless of whether adjudication is withheld." § 775.21(2)(c), Fla. Stat. (2000).[5]
Although the trial court granted the State's request, the trial court expressed concerns in its order that classifying J.M. as a sexual predator was inappropriate and "particularly difficult in light of the uncontroverted *109 evidence in this case." The trial court concluded that it was legally bound to grant the State's request by the holding in Payne v. State, 753 So.2d 129 (Fla. 2d DCA 2000), since no other district court had ruled on the issue. In Payne, the Second District, while acknowledging that section 985.233(4)(b) provides that an adjudication of delinquency should not be deemed a conviction, nevertheless held that an adjudication of delinquency should operate as a conviction for purposes of applying the Predator Act "because of the unique nature of section 775.21." Id. at 130.
On appeal, the First District reversed the order designating J.M. as a sexual predator, and held that an adjudication of delinquency could not be treated as a felony criminal conviction for purposes of invoking the Predator Act. Writing for the court, Judge Ervin pointed out that section 985.233(4)(b) specifically provides that an "[a]djudication of delinquency shall not be deemed a conviction, nor shall it operate to impose any of the civil disabilities ordinarily resulting from a conviction." J.M., 783 So.2d at 1206. Judge Ervin also noted that "[t]here is no language in section 775.21 that demonstrates any legislative intent to abrogate the long-standing statutory mandate excluding adjudications for delinquency from the consequences of conviction, unless expressly stated otherwise." Id. at 1205. The First District vacated the portion of J.M.'s sentence classifying him as a sexual predator and certified conflict with the Second District's contrary decision in Payne. See id. at 1206-07.

ANALYSIS
We approve the opinion of the First District Court of Appeal. Consistent with the analysis of the First District, we hold that juveniles who may be charged as adults, but are actually adjudicated as delinquents, do not stand criminally convicted for the purpose of designation as a sexual predator under the Predator Act. In reaching this conclusion, we note that the Legislature has joined the majority of states that have chosen not to subject juveniles to the provisions of their adult sexual offender registration and notification laws.[6]

Legislative Intent
It is well settled that legislative intent is the polestar that guides a court's statutory construction analysis. See State *110 v. Rife, 789 So.2d 288, 292 (Fla.2001); McLaughlin v. State, 721 So.2d 1170, 1172 (Fla.1998). Further, we have explained that when the Court construes a statute, "we look first at the statute's plain meaning." Moonlit Waters Apartments, Inc. v. Cauley, 666 So.2d 898, 900 (Fla.1996).
As noted, the trial court elected to treat J.M. as a delinquent child under the provisions of section 985.227(3)(c), Florida Statutes (1999) which states:
When a child has been transferred for criminal prosecution as an adult and has been found to have committed a violation of state law, the disposition of the case may be made under s. 985.233 and may include the enforcement of any restitution ordered in any juvenile proceeding.
In turn, the relevant portion of section 985.233 provides:
In order to use this paragraph, the court shall stay adjudication of guilt and instead shall adjudge the child to have committed a delinquent act. Adjudication of delinquency shall not be deemed a conviction, nor shall it operate to impose any of the civil disabilities ordinarily resulting from a conviction.

§ 985.233(4)(b), Fla. Stat. (1999) (emphasis added). Initially, we note the lack of ambiguity in the Legislature's language in section 985.233(4)(b) that an "[a]djudication of delinquency shall not be deemed a conviction, nor shall it operate to impose any of the civil disabilities ordinarily resulting from a conviction." This unambiguous language must then be considered in conjunction with the unambiguous language of section 775.21(4)(a), which states that an individual will be designated a sexual predator only upon conviction of certain crimes. In the definitions section of the Predator Act, the term "conviction" is defined as meaning "a determination of guilt which is the result of a trial or the entry of a plea of guilty or nolo contendere, regardless of whether adjudication is withheld." § 775.21(2)(c), Fla. Stat. (2000). Adjudications of delinquency are simply not included within this statutory provision.
Therefore, upon a plain reading of the controlling statutes, it is apparent that an adjudication of delinquency does not fall under the definition of a felony criminal conviction required under the Act. Thus, we conclude that an adjudication of delinquency does not trigger the sexual predator status provisions of the Predator Act.
We also note that other language in the Predator Act indicates the Legislature was fully aware of the unique status of adjudications of delinquency at the time the Act was drafted. For example, under the Act a sexual offender can be designated as a sexual predator in two different ways, based on the severity of the offender's "current offense." First, in cases involving a serious current offense, an offender can be designated a sexual predator after a single conviction. See § 775.21(4)(a)1.a., Fla. Stat. (2000). Second, in cases where the current offense is less serious, the sexual offender can still be designated a sexual predator, if the offender also has prior felonies. See § 775.21(4)(a)1.b., Fla. Stat. (2000). Subsection 775.21(4)(b) reads, in relevant part:
In order to be counted as a prior felony for purposes of this subsection, the felony must have resulted in a conviction sentenced separately, or an adjudication of delinquency entered separately, prior to the current offense and sentenced or adjudicated separately from any other felony conviction that is to be counted as a prior felony.
(Emphasis added.) Although this section was not applicable to J.M., the wording demonstrates that the Legislature was *111 aware of the distinct status of adjudications of delinquency in drafting the Predator Act, and that it intended for adjudications to be counted as "prior felonies" under the provisions of section 775.21(4)(b).
Obviously, if the Legislature intended an adjudication of delinquency to operate as a "conviction" under the Act, it could easily have done so in the same manner provided in section 775.21(4)(b). The statutory scheme could have included adjudications of delinquency in the definition of a conviction in the Predator Act or, alternatively, could have provided in section 775.21(4)(a) that sexual predator status attached upon conviction or adjudication of delinquency.
We also note that in other instances when the Legislature intended adjudications of delinquency to operate in the same manner as a criminal conviction it has expressly stated so. See, e.g., § 775.083(2)(a), Fla. Stat. (2001) ("A county may adopt an ordinance imposing ... a fine upon any person who ... is convicted of or adjudicated delinquent for ... [a crime]."); § 810.14(3), Fla. Stat. (2001) ("A person who violates this section and who has been previously convicted or adjudicated delinquent two or more times of any violation of this section commits a felony of the third degree ...."); § 938.03(1), Fla. Stat. (2001) ("When any person pleads guilty or nolo contendere to, or is convicted of or adjudicated delinquent for, any felony, misdemeanor, delinquent act, or criminal traffic offense ... there shall be imposed as an additional cost in the case... the sum of $50."); § 943.0585, Fla. Stat. (2001) (stating that "[a] criminal history record that relates to a violation of... chapter 794 ... may not be expunged" regardless of whether defendant was found guilty or adjudicated delinquent); § 960.003(4), Fla. Stat. (2001) ("[T]he court shall order the offender to undergo HIV testing following conviction or delinquency adjudication.").
On the other hand, to find that J.M. must be classified as a sexual predator despite the lack of a felony criminal conviction, the Court would have to add language to the Act that is not there. Of course, when construing statutes, courts "are not at liberty to add words to statutes that were not placed there by the Legislature." See Hayes v. State, 750 So.2d 1, 4 (Fla. 1999).

Effect of Adult Filing
The State notes that J.M. was prosecuted as an adult and that the Court should find this aspect of the case compelling in determining that an adjudication of delinquency should operate as a conviction. However, we note the Legislature has enacted a separate and specific notification and registration scheme for "juvenile sexual offenders" under chapter 985, Florida Statutes (2000).[7]See § 985.04(3)(b), Fla. Stat. (2000) (requiring Department of Juvenile Justice to inform school superintendent of juvenile sexual offender's presence); *112 § 985.308(1)(d), (6), Fla. Stat. (2000) (expressing legislative intent for Department of Juvenile Justice to develop strategies regarding notification of schools, parents or legal guardians of victims, and law enforcement agencies of juvenile sexual offenders' return to the community). This express mechanism for registration and notification of juvenile sexual offenders clearly implies the Legislature's intent not to subject juveniles who are adjudicated delinquent to designation under the adult Predator Act.[8]

Specific vs. General
The First District also relied on the rule of statutory construction that the specific statute controls over the general statute and found that section 985.233 was more specific than the general provisions of the Predator Act.[9]See J.M., 783 So.2d at 1206. We find the First District's analysis sound. Under that analysis, even if we were to find conflict between the provisions of section 985.233 and the Predator Act (which we do not), we would apply the long-recognized principle of statutory construction that where two statutory provisions are in conflict, the specific statute controls over the general statute. See, e.g., State ex rel. Johnson v. Vizzini, 227 So.2d 205, 207 (Fla.1969).
In this instance, we agree with the First District that the specific language of section 985.233(4)(b) stating that adjudications of delinquency are not convictions should control over the general use of the term "conviction" in other statutes, because to hold otherwise would effectively render the limitation in section 985.233(4)(b) meaningless. Moreover, as the First District noted:
Section 985.227(3)(c) specifically authorized trial courts to enter dispositions under section 985.233 for juveniles found to have committed certain offenses; section 985.233 specifically dealt with the courts' powers of disposition of cases involving juveniles tried as adults and found to have violated the law. Accordingly, the provisions in section 985.233(4)(b) excluding adjudications of delinquency from the definition of "conviction," takes precedence over the definition of "conviction" in section 775.21(2)(c), which generally applies to all sexual offenders. *113 J.M., 783 So.2d at 1206. To accept the State's argument, any statute providing that a "conviction" triggers a criminal or civil penalty would trump the specific language in section 985.233 that states that juvenile delinquency adjudications are not convictions. However, that argument would have us virtually ignore the Legislature's mandate that juvenile dispositions not be treated as criminal convictions and the case law recognizing the distinction. Logically, where a juvenile is involved, the statutes specifically related to juvenile offenders should control over statutes that deal generally with the conduct of all offenders.

Other Contexts
Indeed, Florida courts have consistently recognized that adjudications of delinquency do not operate as convictions in a variety of contexts. For example, in Merck v. State, 664 So.2d 939, 943 (Fla.1995), the trial court found that a prior adjudication of delinquency supported the "prior violent felony" death penalty aggravator. See id. at 943. On appeal, we noted that it was improper to use an adjudication of delinquency in this manner, because a "juvenile adjudication was not a conviction within the meaning of section 921.141(5)(b), Florida Statutes (1993)" and because section 39.053, Florida Statutes (1993), the precursor to the current juvenile delinquency statutes, "expressly mandated" that adjudications of delinquency were not convictions. Id. at 944. Although Merck involved a criminal statute and the Predator Act is ostensibly a civil penalty that does not involve punishment, the reasoning in Merck is still instructive, particularly given the similarity between the definition of "conviction" in the Predator Act and the definition in the sentencing statute.[10]
Several courts have noted that under Florida's evidence code, adjudications of delinquency, unlike certain types of convictions, cannot be used to impeach witnesses. See § 90.610(1)(b), Fla. Stat. (2001) (stating that adjudications of delinquency are not to be used as convictions for purpose of impeachment); Rivers v. State, 792 So.2d 564, 565 (Fla. 1st DCA 2001); Martin v. State, 710 So.2d 58, 59 (Fla. 4th DCA 1998); Goodman v. State, 567 So.2d 37, 37 (Fla. 3d DCA 1990). Furthermore, Florida courts have held that adjudications of delinquency cannot be used as "convictions" for the purpose of sentencing a defendant as a habitual offender. See Cotton v. State, 652 So.2d 1260, 1260 (Fla. 1st DCA 1995); Gahley v. State, 605 So.2d 1309, 1310 (Fla. 1st DCA 1992); Shook v. State, 603 So.2d 617, 617 (Fla. 1st DCA 1992); see also City of Jacksonville v. Caverly, 727 So.2d 307, 308 (Fla. 1st DCA 1999) (holding statute that permitted state and local subdivisions to recover per diem charges for incarceration from convicted offenders did not allow for recovery from juveniles in detention based on an adjudication of delinquency); Moody v. Campbell, 713 So.2d 1032, 1033 (Fla. 1st DCA 1998) (holding previous adjudications of delinquency were not "convictions" for purposes of determining pretrial bail); Wilson v. State, 696 So.2d 528, 529 (Fla. 4th DCA 1997) (holding adjudications of delinquency are not "convictions" for purposes of determining whether a sentence in excess of sentencing guidelines could be justified by an escalating pattern of offenses).

Civil Disabilities
We also note that section 985.233(4)(b) specifically states that adjudications *114 of delinquency should not "operate to impose any of the civil disabilities ordinarily resulting from a conviction." Section 775.21(6)(l) of the Predator Act requires a sexual predator to register with the Florida Department of Law Enforcement (FDLE) for life, with a limited right to petition for removal of predator status after twenty years.[11] Moreover, FDLE is required to notify the community where a registered predator is living of his or her presence. Clearly, requiring J.M. to register as a sexual predator and subjecting him to public notice of this status for a lifetime would impose serious civil disabilities upon J.M. contrary to the provisions of section 985.233(4)(b).

Adjudications of Delinquency
As discussed above, the First District's recognition that a juvenile adjudication of delinquency will not give rise to the same consequences as an adult conviction unless the Legislature has expressly stated otherwise is supported by a long line of case law. The distinction between adjudications of delinquency and criminal convictions stems, in large part, from the consistent historical view that delinquent juveniles are not considered adult criminals. As this Court has recognized, the juvenile and criminal justice systems are separate and distinct and serve different purposes:
A child offender, even after being adjudicated delinquent, is never held to be a criminal, even if the act would be considered a crime if committed by an adult. The key difference in approach lies in the juvenile justice system's ultimate aims. Juveniles are considered to be rehabilitatable. They do not need punishment. Their need lies in the area of treatment.
P.W.G. v. State, 702 So.2d 488, 491 (Fla. 1997) (quoting In re C.J.W., 377 So.2d 22, 24 (Fla.1979)). It also appears that J.M.'s case illustrates the concerns underlying the judicial and legislative policy of treating juveniles differently. For example, the uncontroverted expert testimony presented to the trial court indicated that J.M. does not fit the profile of a sexual predator and that he has good prospects for rehabilitation. Obviously, subjecting him to the requirements of adult sexual predator notification and registration could jeopardize the attempt to rehabilitate him.[12] All of the experts who examined J.M., some of whom also performed civil commitment *115 evaluations of adult sexual offenders for the State, testified that J.M. is likely to be rehabilitated and is unlikely to commit another sexual offense. From its order, it is also apparent the trial court had concluded that sexual predator designation was inappropriate in this case.[13]

CONCLUSION
As the First District noted, "[t]here is no language in section 775.21 that demonstrates any legislative intent to abrogate the long-standing statutory mandate excluding adjudications of delinquency from the consequences of conviction, unless expressly stated otherwise." J.M., 783 So.2d at 1205. Because the Predator Act does not expressly include adjudications of delinquency as convictions, the language of section 985.233 excluding juvenile adjudications from being considered criminal convictions controls.
Accordingly we approve the First District's decision in J.M. and disapprove of the Second District's decision in Payne.
It is so ordered.
SHAW, HARDING, WELLS, PARIENTE, LEWIS and QUINCE, JJ., concur.
NOTES
[1] We would note the difference in the style of these cases, both of which involved juveniles. The State filed a motion to restyle in the instant case using J.M.'s full name. In cases where juvenile sanctions have been entered, it is appropriate for courts to use juveniles' initials in appellate documents and decisions, even when the cases were initially brought in adult court. Section 985.233(4)(e), Florida Statutes (2000), provides for a juvenile in J.M.'s position to obtain appellate review under section 985.234, Florida Statutes (2000). Section 985.234(4) mandates the use of the juvenile's initials on all documents and decisions filed in the appeal. Moreover, Florida Rule of Appellate Procedure 9.145(d) governs appeal proceedings in juvenile delinquency cases and requires all references to the child in briefs, other papers, and the decision of the court to be by initials only. The committee notes to the rule state that a juvenile's initials should be used in all documents in furtherance of the appeal, but the rule does not require deletion of the child's name from pleadings or other papers transmitted to the court from the lower tribunal. The rule does not distinguish between juvenile delinquency adjudications entered in adult-file situations and those entered in juvenile court.
[2] J.M. was charged as an adult pursuant to section 985.227(1)(a), Florida Statutes (1999), which gives the state attorney the discretion to file adult charges against a fourteen-yearold "when in the state attorney's judgment and discretion the public interest requires that adult sanctions be considered or imposed and when the offense charged is for the commission of ... [s]exual battery."

After J.M. pled nolo contendere to the sexual battery charge, the trial court exercised its discretion to adjudicate J.M. delinquent. Section 985.233(4)(b), Florida Statutes (1999), allows juvenile sanctions for juveniles who have been transferred to adult court.
[3] Combined, these statutes give the trial court discretion to impose juvenile sanctions even in cases where a juvenile was originally charged as an adult.
[4] J.M. was charged under section 794.011(2)(b) and thus, under the sexual predator statute, if J.M. were an adult, his criminal conviction would trigger designation as a sexual predator.
[5] Once an offender has been deemed a sexual predator, the offender must comply with the registration and notice provisions of the statute. See § 775.21(6), Fla. Stat. (2000) (requiring all sexual predators to register with the Florida Department of Law Enforcement); § 775.21(7), Fla. Stat. (2000) (requiring law enforcement agencies to inform the public of a registered sexual predator's presence in the community).
[6] The Federal Jacob Wetterling Crimes Against Children Act ("Wetterling Act") mandated that every state would have to enact a law governing the registration of sexually violent offenders by September 13, 1997, or they would forfeit a certain amount of federal funding that would otherwise be given. See 42 U.S.C. § 14071(g) (Supp.1999). The Wetterling Act does not expressly include or exclude juvenile offenders. At the time the Wetterling Act took effect, forty-nine states had enacted some form of sexual offender registration act. See Mark J. Swearingen, Megan's Law as Applied to Juveniles: Protecting Children at the Expense of Children?, 7 Seton Hall Const. L.J. 526, 569 (1997). Of those, thirty-three states did not include juveniles in the class of offender required to register under sexual offender registration statutes and sixteen states required juveniles to register. See id. In 1997, Florida was one of seventeen states that supplemented sexual offender registration statutes with community notification provisions. See id. at 569-70. There have been significant changes in almost every state's statutory scheme since 1997 and to date there is no clear consensus among the states on how juveniles should be treated under sexual offender statutes. However, the majority of states still do not subject juveniles to the same registration and notification requirements as adult sexual offenders. The states that include juveniles in their sexual offender registration laws generally provide for lesser periods of registration, special requirements before a juvenile qualifies for registration, or special waiver mechanisms for juveniles. See id.
[7] Section 985.03(31) defines a "Juvenile sexual offender" as:

(a) A juvenile who has been found by the court pursuant to s. 985.228 to have committed a violation of chapter 794, chapter 796, chapter 800, s. 827.071, or s. 847.0133;
(b) A juvenile found to have committed any violation of law or delinquent act involving juvenile sexual abuse. "Juvenile sexual abuse" means any behavior which occurs without consent, without equality, or as a result of coercion ....
. . . .
Juvenile sexual offender behavior ranges from noncontact behavior such as making obscene phone calls, exhibitionism, voyeurism, and the showing or taking of lewd photographs to varying degrees of direct sexual contact such as frottage, fondling, digital penetration, rape, fellatio, sodomy, and various other sexually aggressive acts.
[8] We also note that neither the Second District in Payne nor the State provides an adequate explanation for how juvenile sexual offenders, who are adjudicated delinquent in juvenile court, would be exempted from the Predator Act if we accept the State's contention that an adjudication of delinquency should be treated as a felony criminal conviction. The State argues that the Payne reasoning will only apply to children who have been charged as adults. The Payne court determined that a juvenile was "convicted" at the time a plea was entered to adult charges. See Payne, 753 So.2d at 130. However, the Second District gave no reason under the statutes why an adjudication of delinquency that stemmed from a plea in juvenile court would not have the same effect under its interpretation. If adjudications of delinquency are considered convictions in the adult-filed juvenile context, arguably adjudications of delinquency would be convictions no matter where the juvenile was tried.
[9] The district court also noted that "[T]his general rule especially holds true when both laws are passed during the same legislative session." J.M., 783 So.2d at 1206. As the State correctly points out, the pertinent parts of section 985.233 and section 775.21 were not passed in the same legislative session. While similar language was used in earlier versions of the Predator Act, the term "conviction" was first defined in the Predator Act in 1996. In 1997, the statutes pertaining to juvenile delinquency were moved from chapter 39, Florida Statutes (1995) to chapter 985. Nevertheless, although the two laws were not passed in the same session, the statutory canon of construction that requires courts to find that a more specific statute would control over a general statute still applies.
[10] Section 921.0011(2), Florida Statutes (2000), states that "`[c]onviction' means a determination of guilt that is the result of a plea or a trial regardless of whether adjudication is withheld."
[11] Section 775.21(6)(l) reads, in pertinent part:

A sexual predator must maintain registration with the department for the duration of his or her life, unless the sexual predator has received a full pardon or has had a conviction set aside in a postconviction proceeding for any offense that met the criteria for the sexual predator designation.... A sexual predator who was designated a sexual predator by a court on or after October 1, 1998, who has been lawfully released from confinement, supervision, or sanction, whichever is later, for at least 20 years, and who has not been arrested for any felony or misdemeanor offense since release may petition the criminal division of the circuit court in the circuit in which the sexual predator resides for the purpose of removing the sexual predator designation.
§ 775.21(6)(l), Fla. Stat. (2000).
[12] J.M. cites several authorities that set forth the problems associated with treating juveniles and adults the same for purposes of sexual offender notification and registration. Generally, the authors' concerns are that juveniles are being needlessly stigmatized at an early age in the same way as adult sexual offenders. The authors note that in many instances, juveniles commit sexual offenses for different reasons than adults and can be more easily rehabilitated. According to the authors, requiring registration of juvenile sexual offenders under adult registration schemes and public notification jeopardizes rehabilitation and actually creates an increased risk that the juveniles will develop into adult sexual offenders. Some of the authors' concerns would ring true in the instant case, where the judge clearly thought predator status was unwarranted. See Stacey Hiller, The Problem with Juvenile Sex Offender Registration: The Detrimental Effects of Public Disclosure, 7 B.U. Pub. Int. L.J. 271 (1998); Mark J. Swearingen, Megan's Law as Applied to Juveniles: Protecting Children at the Expense of Children?, 7 Seton Hall Const. L.J. 526 (1997); Michael L. Skoglund, Note, Private Threats, Public Stigma? Avoiding False Dichotomies in the Application of Megan's Law to the Juvenile Justice System, 84 Minn. L.Rev. 1805 (2000).
[13] If the prosecutor had been required to adult file J.M. or if he had been older at the time of his crime, the court would have had to subject J.M. to adult sanctions regardless of the expert's testimony. See § 985.233(4), Fla. Stat. (2000). In the case of older, more dangerous juvenile sexual offenders that exhibit the same types of repetitive behavior associated with adult sexual offenders, trial courts are required to enter adult sanctions, which would trigger the Predator Act. See id. Further, in cases where the trial court has the discretion to impose juvenile sanctions, the trial court also has the discretion to enter adult sanctions. See id.