PER CURIAM.
The State of Florida appeals from a trial court order denying its Motion to Declare the Defendant a Sexual Predator. We treat the appeal as a Petition for Writ of Certiorari. See State v. Galloway, 721 So.2d 1197, 1198 n. 1 .(Fla. 1st DCA 1998). We deny the Petition.
On or about October 25, 1999, the Defendant, who was a juvenile at the time, *421 was charged by Information as an adult with (1) one felony count of engaging in a sexual act with a child by a person in familial or custodial authority, (2) two felony counts of lewd assault, and (3) one felony count of incest. On July 21, 2000, the Defendant entered into a written plea agreement in which he pled guilty .to each count in exchange for an adjudication of delinquency and sentencing as a juvenile to juvenile sanctions. The trial court adjudicated the Defendant delinquent and ordered that he be committed to the Department of Juvenile Justice and placed in a Level 8 Program for up to 18 months. The Defendant was also required to enter and complete a juvenile offender center program and a mentally disordered.sexual offender program. On or about August 22, 2000, the State filed a Motion for the Defendant to be designated as a sexual predator pursuant to Section 775.21, Florida Statutes. The Defendant argued that Section 775.21 does not apply to juveniles who have been charged as adults but sentenced to juvenile sanctions. The trial court denied the State’s Motion and found that Section 775.21 does not include “adjudication of delinquency” in the definition of “conviction” for the purposes of determining who meets the criteria to be designated a sexual predator. We agree with the trial court’s conclusion.
In J.M. v. State, 783 So.2d 1204, 1206 (Fla. 1st DCA), rev. granted, 799 So.2d 219 (Fla.2001), the First District reversed an order declaring the defendant a sexual predator and concluded that the provision in Section 985.233(4)(b), Florida Statutes, which excludes adjudications of delinquency from the definition of “conviction,” takes precedence in the case of a juvenile over the definition of “conviction” in Section 775.21(2)(e), which generally applies to all sexual offenders. Accordingly, we agree with the First District’s opinion in J.M. and, as the First District did in J.M., certify conflict with the opinion of the Second District in Payne v. State, 753 So.2d 129 (Fla. 2d DCA), rev. denied, 773 So.2d 56 (Fla.2000), which reached a contrary result.
Petition denied, conflict certified.