VILLANTI, Judge.
Mark A. Vonador challenges the order of the trial court denying his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because Vonador presented a facially sufficient claim that his habitual offender sentence is illegal, which claim was not refuted by the trial court’s order, we reverse and remand for further proceedings.
According to Vonador’s motion, he was convicted of armed robbery with a firearm for an offense committed in May 1992 and was sentenced as a habitual offender to thirty years in prison with a three-year minimum mandatory term.[1] Vonador alleged that the habitual offender sentence was illegally imposed because the trial court used his prior adjudications of delinquency as predicate convictions. “[C]hallenges questioning whether a predicate offense giving rise to habitualization is properly qualifying can be raised by rule 3.800(a) motion,” Baxter v. State, 769 So.2d 1097, 1097 (Fla. 2d DCA 2000), “provided *324 the error is apparent from the face of the record.” Bover v. State, 797 So.2d 1246, 1248-49 (Fla.2001). In the present case, Vonador alleged that his claim of improper habitualization predicate could be resolved based on the face of the trial court record. Thus, he has presented a facially sufficient claim.
As to the merits of Vonador’s claim, the First District in Shook v. State, 603 So.2d 617 (Fla. 1st DCA 1992), and Gahley v. State, 605 So.2d 1309 (Fla. 1st DCA 1992), held that juvenile adjudications cannot be used as predicate convictions for purposes of sentencing a defendant as a habitual offender. Shook and Gahley were cited with approval in State v. J.M., 824 So.2d 105 (Fla.2002). Shook held:
Section 39.10(4), Florida Statutes (1989), provides that, except for use in subsequent proceedings under chapter 39, an adjudication of delinquency “shall not be deemed a conviction.” Because section 775.084, Florida Statutes (1989), requires prior felony “convictions” without specifically including juvenile adjudications, habitualization cannot be based on juvenile adjudications.
603 So.2d at 617 (footnote omitted). The provision of section 39.10(4), Florida Statutes (1989), which prohibits the use of juvenile adjudications as convictions, is found in section 39.053(4), Florida Statutes (1991).
The trial court denied Vonador’s motion, citing the provision of section 921.0021(5), Florida Statutes (2001-2003), which states that “[j]uvenile dispositions of offenses committed by the offender within 5 years before the primary offense are included in the offender’s prior record when the offense would have been a crime had the offender been an adult rather than a juvenile.” However, this section governs the scoring of prior record under the sentencing guidelines and has no relevance to the determination of what constitutes a predicate conviction under the habitual offender statute. Furthermore, the trial court, in its order, failed to indicate to which version of section 921.0021(5) it was citing. The statute was amended in 2001 to allow the scoring of juvenile adjudications as prior record if they were committed up to five years, rather than three years, before the offense for which the defendant is being sentenced. See Amendments to Florida Rules of Criminal Procedure 3.70i & 3.992 (Criminal Punishment Code), 810 So.2d 826, 826 (Fla.2001). In denying Vonador’s claim that he was illegally sentenced as a habitual offender for a 1992 offense, the trial court apparently relied on a 2001 sentencing guidelines statute. This was clearly error since it is axiomatic that a criminal sentence is governed by the laws in effect at the time of the offense. See Larkins v. State, 739 So.2d 90, 96 n. 1 (Fla.1999). The trial court then found that Vonador’s claim could not be resolved without an evidentiary hearing. This was based on the trial court’s erroneous conclusion that the 2001 version of section 921.0021(5) controlled in this case. Finally, the trial court provided no explanation for its conclusion that the illegal sentence claim could not be resolved from the face of the record.
Accordingly, we reverse the order of the trial court and remand for the trial court to further consider Vonador’s claim in light of this opinion. If the trial court again denies the claim, it should attach to its order the record documents used to justify its ruling. See Baxter, 769 So.2d at 1097.
Reversed and remanded.
STRINGER and SILBERMAN, JJ., Concur.

. The minimum mandatory was presumably imposed pursuant to section 775.087(2), Florida Statutes (1991), for possession of a firearm during the commission’of an enumerated felony.