LaROSE, Judge.
Ricardo Roca appeals the denial of his motion to correct illegal sentence. See Fla. R.Crim. P. 3.800(a). Mr. Roca was convicted of kidnapping (count 1) and three counts of sexual battery with use of force not likely to cause serious injury with the offense being committed by more than one person during the same criminal episode (counts 6, 7, and 8). See §§ 787.01(2), 794.023(2)(a), Fla. Stat. (1991); § 794.011(5), Fla. Stat. (Supp.1992). The trial court sentenced Mr. Roca as a habitual offender to concurrent life terms on counts 1, 6, and 8 and thirty years’ imprisonment on count 7.
In his rule 3.800(a) motion, Mr. Roca claims that his life sentences on counts 6 and 8 are illegal because they are second-degree felonies for which the maximum penalty as a habitual felony offender is thirty years. The postconviction court summarily denied the motion. It reasoned that counts 6 and 8 were first-degree felonies because Mr. Roca was charged with violating section 794.023, which enhances second-degree sexual batteries to first-degree felonies.
The State properly concedes that the postconviction court erred in reclassifying the second-degree felony sexual battery convictions to first-degree felonies. Section 794.023 is a penalty enhancement statute. Newman v. State, 738 So.2d 981, 983 (Fla. 2d DCA 1999). Mr. Roca qualified to be sentenced for these second-degree felonies to a maximum of thirty years as a habitual felony offender. See § 775.084(4)(a)(2), Fla. Stat. (1991).
Perhaps the postconviction court relied upon the 2010 version of section 794.023 which “reclassifies” offenses of sexual battery committed by more than one person. The legislature changed the statute from a penalty enhancement statute to a reclassification statute in 1999. Ch. 99-172, § 2, at 965, Laws of Fla.
However, Mr. Roca must be sentenced under the laws in effect at the time of the offense. See Vonador v. State, 857 So.2d 323, 324 (Fla. 2d DCA 2003) (stating that “it is axiomatic that a criminal sentence is governed by the laws in effect at the time of the offense”).
Because the 1991 version of section 794.023 was an enhanced penalty statute, Mr. Roca’s second-degree felony convictions are properly enhanced to first-degree felonies under the habitual felony offender statute, not first-degree felonies reclassified to life felonies.
We reverse the sentences imposed on counts 6 and 8 and remand with instructions to amend the sentencing documents to reflect thirty-year habitual felony offender sentences for those offenses. The judgment should also be amended to reflect that counts 6, 7, and 8 are second-degree felonies. Mr. Roca need not be present for these ministerial acts.
*386 Reversed and remanded with instructions.
WHATLEY and WALLACE, JJ., Concur.